JACOB SCHWARTZ'S CASE. January 3, 1961. Decree affirmed. A decree of the Superior Court adjudged that a condition or disease known as bilateral Dupuytren's contracture, from which the claimant suffered, did not arise out of and in the course of his employment as an upholsterer, and the claim for compensation was dismissed. The claimant appealed. The decree was based upon a decision by the single member which was affirmed by the reviewing board. The rather general findings set forth in the decision were amply supported by the evidence and must stand, because different findings are not required as a matter of law. *Griffin's Case,* 315 Mass. 71, 73.

*James D. St. Clair, (Marvin A. Stern* with him,) for the claimant.
*Thomas F. Daley, Jr.,* for the insurer.

ANNA RILEY *vs.* NATIONAL PNEUMATIC CO., INC. January 3, 1961. Exceptions overruled. There was no error in denying a motion to dismiss nor in denying a motion for a directed verdict in this action of tort for personal injuries commenced December 1, 1958. The motion to dismiss was filed and presented to the judge at the time of trial before the introduction of any evidence. It was late under Rule 25 of the Superior Court (1954). It was based on matter not apparent on the face of the record. *Graustein* v. *Boston & Maine R.R.* 304 Mass. 23, 25. *Commissioner of Corps. & Taxn.* v. *Aetna Life Ins. Co.* 328 Mass. 404, 409. It raised issues of fact outside the record which were controverted. See *Furlong* v. *Cronan,* 305 Mass. 464, 465. It was not offered then or later in the trial as an amendment to the answer and the judge was not obliged to treat it as such. See *Desmond* v. *Boston Elev. Ry.* 319 Mass. 13, 16. As to the denial of the motion for a directed verdict it is sufficient to say that the pre-trial order and the evidence warranted the jury in finding that (a) the defendant was in control of the premises concerned including the sprinkler system; (b) the defendant knew that a leak in the sprinkler system caused water to drip, spatter, and form a pool which made the linoleum floor slippery; (c) a reasonable opportunity to repair the leak properly was not availed of; and (d) the plaintiff was injured when she slipped in the "spatters" of water around "the puddle" while carrying a tray of milk containers. The contributory negligence of the plaintiff was a question for the jury.

*Sturtevant Burr,* for the defendant.
*Thomas D. Burns, (William H. Clancy* with him,) for the plaintiff.