## CHARLES L. GATELY & another vs. U-HAUL Co.

Suffolk.    March 8, 1966. — April 1, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Practice, Civil,* Dismissal of action.  *Pleading, Civil,* Motion to dismiss.
*Jurisdiction,* By operation of motor vehicle.  *Agency,* What constitutes.
*Motor Vehicle,* Operation, Hired trailer.

A motion to dismiss is the proper way to raise the question of a defect
apparent on the face of the record in an action at law; such a motion
is not a proper method of raising a question requiring evidence outside
the record for its determination.   [484]

The declaration in an action at law may be considered as part of the
record in determining a motion to dismiss.   [484]

Where it appeared merely that a trailer was hired in another State to be
attached to the hirer's automobile in order to transport property of the
hirer and his wife to Massachusetts, and was to be surrendered to the
renter at a prearranged place here, it could not properly be said that at
the time of an accident while the hirer's wife was operating the auto-
mobile hauling the trailer on a Massachusetts way she was doing so as
an agent of the renter within G. L. c. 90, § 3A.   [485]

CONTRACT "and/or" TORT.   Writ in the Superior Court
dated May 20, 1965.

A motion to dismiss the action was allowed by *Pills-
bury,* J.

The case was submitted on briefs.

*Leon M. Fox* for the plaintiffs.

*Thomas B. Arnold* for the defendant.

WILKINS, C.J.    In this "action of contract and/or tort"
the writ, dated May 20, 1965, and describing the defendant
as an Ohio corporation having "its principal place of busi-
ness in Cleveland, State of Ohio," was served on the Reg-
istrar of Motor Vehicles.   This method of service is au-
thorized in an action arising out of the operation of a motor
vehicle or trailer by a nonresident or his agent on a way in
this Commonwealth.   G. L. c. 90, § 3A (as amended through
St. 1955, c. 196, § 1).   See *Toczko* v. *Armentano,* 341 Mass.

474, 477. On July 20, 1965, the defendant filed an answer in abatement, which has not been heard. On September 24, 1965, the defendant filed a motion to dismiss, which was allowed on October 15. The plaintiffs appealed.

A motion to dismiss is the proper way to raise the question of a defect apparent on the face of the record in actions at law. *Paraboschi* v. *Shaw*, 258 Mass. 531, 532. *Tyler* v. *Boot & Shoe Wkrs. Union*, 285 Mass. 54, 55. *Farber* v. *Lubin*, 327 Mass. 128, 129. *Commissioner of Corps. & Taxn.* v. *Aetna Life Ins. Co.* 328 Mass. 404, 409. But a motion to dismiss that requires supporting evidence outside the record will not be allowed. *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167, 168–169. *Furlong* v. *Cronan*, 305 Mass. 464, 465.

The motion to dismiss in the case at bar alleges that neither the defendant nor its agent was operating an automobile or a trailer in the Commonwealth at the time of the accident referred to in the declaration. The presence of this statement in the motion is irregular.

The declaration, which has twelve counts, shows that the plaintiffs are husband and wife. It alleges that "for the purpose of conveying personal property belonging to . . . [the plaintiffs]" the male plaintiff rented from the defendant a two-wheel trailer; that the trailer had a defective wheel bearing which, while attached to his automobile, "failed" with resultant injuries to the plaintiffs, and damage to their personal property and to the automobile while in operation by the female plaintiff on the Massachusetts Turnpike in Auburn.

We shall treat the declaration as part of the record to be considered in deciding the motion to dismiss. This has been done in other cases. *Adams* v. *Richardson*, 268 Mass. 78, 80–81. *Graustein* v. *Boston & Maine R.R.* 304 Mass. 23, 25. *Farber* v. *Lubin*, 327 Mass. 128, 130. *Gore* v. *United States*, 171 F. Supp. 136, 138 (D. Mass.). The plaintiffs contend that no defect is apparent in the writ or the declaration that would entitle the defendant to have the action dismissed. They take the position that nothing appears to

prevent the conclusion that the trailer was being operated by an agent of the defendant within the meaning of G. L. c. 90, § 3A; and that if there should be a hearing on the answer in abatement, the plaintiffs could introduce evidence that in using the trailer they were acting in a dual capacity: (1) to transport their own personal property, as alleged in the declaration; and (2) as agent of the defendant to deliver the trailer to a point in Boston designated to the plaintiffs by the defendant in Ohio.

From the record, we are unable to accept the existence of such an agency. Rightly analyzed, the transaction appears as nothing more than the rental of the trailer in Ohio to transport the plaintiffs' personal property into this Commonwealth and the ultimate surrender of the trailer at a prearranged place in Boston in order to terminate responsibility under the rental agreement.

The motion to dismiss was rightly allowed. No reasonable inference is open that the defendant or its agent was operating the trailer on a way in this Commonwealth.

The plaintiffs' other contention that the motion to dismiss was improperly filed under an extension of time to appear and defend late does not merit discussion. Rule 25 of the Superior Court (1954) has no such requirement. The case of *Riley* v. *National Pneumatic Co. Inc.* 341 Mass. 736, does not so hold.

*Order affirmed.*