CYNTHIA SEGAL & another[1] *vs.* RICHARD F. YATES & another.[2]

Suffolk. November 3, 1969. — December 2, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Jurisdiction,* Nonresident, By operation of motor vehicle, By consent or waiver. *Motor Vehicle,* Registrar as statutory agent, Operation. *Agency,* What constitutes, Agent of nonresident, Registrar of motor vehicles. *Practice, Civil,* Service of process. *Pleading, Civil,* Plea in abatement. *Evidence,* Of agency.

A plea in abatement on the ground that service of process on the defendant was ineffective was proper practice in an action at law where the facts were not apparent on the face of the record. [450–451]

G. L. c. 90, § 3A, was not applicable to confer jurisdiction over the owner of a motor vehicle who resided and registered his vehicle in another State where it appeared that at a time when the vehicle was involved in a collision on a Massachusetts highway he was not in the vehicle and the operator thereof was not his agent or employee, and, in an action against the owner for personal injuries sustained in the collision,

---

[1] Frances S. Segal.
[2] Nadine Shortall.

service of process only on the Registrar of Motor Vehicles under § 3A was ineffective. [451]

G. L. c. 231, §§ 85A and 85B are pertinent in an action in Massachusetts against a nonresident owner of a motor vehicle only after he has been subjected to the jurisdiction of the court, and do not extend the scope of the provisions of c. 90, § 3A, for service of process. [452]

TORT. Writ in the Superior Court dated November 15, 1968.

The action was heard on a plea in abatement by *Paquet*, J. The plaintiffs excepted to an order sustaining the plea.

*Robert I. Ectman* for the plaintiffs.

*Arthur L. Johns* for the defendants.

WILKINS, C.J. This action of tort for personal injuries by Cynthia Segal (the plaintiff) and consequential damages by her mother arises out of a collision of automobiles in Charlton on the Massachusetts Turnpike on March 24, 1968. The plaintiff was a passenger in a car which was struck by a car owned by Richard F. Yates (the defendant) of Clarks Green, Pennsylvania, and operated by the female defendant, a resident of Massachusetts.

There are four counts. Counts 1 and 2 are against the female defendant. Counts 3 and 4 against the defendant Yates are the only counts with which we are concerned in this opinion.

Service of process on the defendant was made by serving the Registrar of Motor Vehicles under G. L. c. 90, § 3A (as amended through St. 1955, c. 196, § 1[3]). On the ground that service of process was ineffective, the defendant filed a special appearance and a motion to dismiss counts 3 and 4 which was denied. On the same ground the defendant also filed a plea in abatement to counts 3 and 4, which was heard on

---

[3] "The acceptance by a person who is a resident of any other state or country of the rights and privileges conferred by section three, as evidenced by the operation, by himself or agent, of a motor vehicle or trailer thereunder . . . shall be deemed equivalent to an appointment by him of the registrar, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him . . . growing out of any accident or collision in which such person or his agent may be involved . . . and said acceptance or operation shall be a signification of his agreement that any such process against him . . . which is so served shall be of the same legal force and validity as if served upon him personally. . . ."

oral evidence. This was proper practice where the facts were not apparent on the face of the record. *Stein v. Canadian Pac. S.Ss. Ltd.* 298 Mass. 479, 481.

The evidence showed that the vehicle was purchased by the defendant in October, 1967, and was furnished to his daughter for her use. It was used "solely for her social or personal purposes." The vehicle was registered to the defendant and bore a Pennsylvania registration at the defendant's address. At the time of the accident, the daughter and her friend, the female defendant, were returning from a visit to the defendant's home in Pennsylvania. The daughter lived in Cambridge at the time and was employed as a secretary by a department of the Commonwealth. She was not an employee of her father and was not performing any services for him at the time of the accident. She had driven the vehicle from Pennsylvania to the Massachusetts Turnpike and shortly before the accident allowed her friend, the defendant Shortall, to do the driving. The friend was not an employee or agent of the defendant.

The judge, after noting that at the time of the accident neither the defendant nor his agent was operating the vehicle in the Commonwealth, ruled that G. L. c. 90, § 3A, was not applicable and the attempted service on the defendant was ineffective. Counts 3 and 4 were, therefore, ordered abated. See *Gately* v. *U-Haul Co.* 350 Mass. 483.

The ruling was right. The facts do not fall within the intent of the statute. "That intent was to assure to one, sustaining injury or damage due to the operation here of an automobile by a nonresident, the opportunity to seek redress in our own courts rather than to be remitted to bringing an action outside the Commonwealth wherever jurisdiction might be found, a circumstance which might render illusory the right to sue. *Pawloski* v. *Hess*, 250 Mass. 22, 24–26, *S. C.* 253 Mass. 478. *Hess* v. *Pawloski*, 274 U. S. 352, 355–356." *Toczko* v. *Armentano*, 341 Mass. 474, 477.

The facts also do not fall within the wording of the statute. The female defendant was a resident of this Commonwealth. She was not an agent of the defendant. The plaintiffs seek

to reach the owner of the car. If that be now the legislative intent, an express amendment will be necessary to cover the situation.

The plaintiffs contend that the testimony of Susan Yates should have been excluded as it dealt with lack of agency and under G. L. c. 231, § 85A, registration of a motor vehicle in the name of the defendant is prima facie evidence of agency, and under § 85B, creates a presumption of agency. As neither of the sections purports to exclude contrary testimony, the contention must be that the evidence presented could not be found to overcome the prima facie evidence or to rebut the presumption. In any case, the contention has no merit. These statutes are procedural in nature, relating solely to evidence and not to substantive rights. *Dineasoff* v. *Casey*, 306 Mass. 555, 556. They operate to render unnecessary the proof of agency only where the defendant is properly made subject to the jurisdiction of the court. They are not intended to extend the scope of the provisions for service of process under G. L. c. 90, § 3A. *Wilson* v. *Hazard*, 145 F. Supp. 23, 25 (D. Mass.).

*Exceptions overruled.*