*Municipal Court of the*
*City of Boston*

No. T-25406 A

**ANTHONY'S PIER FOUR, INC.**
**(Third Party Plaintiff)**

**v.**

**GEORGE J. PINER**
**(Third Party Defendant)**

Argued: June 9, 1972 - Decided: June 13, 1972

*Present:* Adlow, C.J., Gillen, Morrissey, JJ.
Case tried to *Gorrassi, J.*

**Adlow, C.J.** Lenore Piner brought an action of tort against Anthony's Pier Four, Inc. for injuries suffered by her on April 1, 1970 in the parking lot of the restaurant operated by Anthony's Pier Four, Inc. The defendant impleaded George J. Piner, husband of Lenore Piner, as a Third Party Defendant, alleging in it's declaration that if said injury occurred it was caused by the negligence of a person

operating the motor vehicle of the Third Party Defendant, its registered owner, with his permission and consent. The Third Party Defendant's answer was a general denial, allegation of contributory negligence, and allegation of assumption of risk.

At the trial there was evidence tending to show that George J. Piner (Piner), accompanied by his wife, drove his motor vehicle onto the premises owned and controlled by Anthony's Pier Four, Inc. to attend an affair at the ship's restaurant known as the Peter Stuyvesant. It was agreed that the members of the party were business invitees of Anthony's Pier Four, Inc. There was a sign announcing "Valet Parking" at the entrance to the restaurant. Piner stopped his car at the entrance to the restaurant. He was third in the line of cars. After stopping, a man opened the door to the car and said "I'll take it from here; that other fellow will give you a ticket." Piner alighted from the car and the man who opened the door got behind the wheel.

Lenore Piner, wife of the Third Party Defendant, got out of the car while her husband went to get his parking ticket. After alighting from the passenger side of the car, Mrs. Piner proceeded to walk in front of her husband's car and behind the car that was immediately in front. As Mrs. Piner passed between the cars, her husband's car moved forward, pinning her between the two vehicles. At the time

of the accident the attendant who had taken over the car was behind the wheel, and at the same time Mr. Piner was receiving a parking ticket from another man. Neither the attendant who was driving the car nor the ticket dispenser were identified nor did testify at the trial.

**There was evidence that** the defendant provided valet service for parking patrons' vehicles; that a patron drives the motor vehicle to a small walk at the valet area, alights from the vehicle, and an attendant drives the vehicle to a parking space chosen by the attendant. The keys to the motor vehicle are held by the attendant until the patron returns to claim the vehicle, whereupon the attendant gets the vehicle and brings it to the patron.

The parking ticket received by Mr. Piner was introduced in evidence. On the ticket was printed the name Anthony's Pier Four, Inc. There were also printed on the ticket the words "We do not charge for parking, therefore we cannot accept responsibility for damage to or contents of cars". George Piner testified that when he turned his car over to the attendant at the valet parking area he had no choice as to where or how his car would be parked.

At the close of the evidence the Third Party Plaintiff (the original defendant) requested the court to rule that as a matter of law a finding must be returned against the Third Party Defendant. He bases this request on the **fact that**

"The prima facie evidence created by the statute (G.L. c. 231, §85A) means evidence which, standing alone and unexplained maintains the proposition and warrants the conclusion to support which it is introduced. If such evidence is not in any way met or controlled, and relates to the decisive issue in the case, a verdict or finding is required in accordance with its effects."

The court denied this request as "Inapplicable to facts found."

The court found as facts that:

(1) Anthony's Pier Four, Inc. controlled the area where the customers' cars were parked.

(2) A parking ticket on which the name Anthony's Pier Four, Inc. was printed was issued to patrons and indicated that the defendant controlled the parking area.

(3) The defendant provided a valet service; that their attendants take cars from patrons and drive the cars to a parking space chosen by the attendants; that the keys are retained until car is returned to patron.

(4) The attendant is an apparent agent of the defendant.

(5) That while an attendant was in the process of parking the motor vehicle of George Piner, such attendant negligently operated the vehicle and struck the plaintiff.

On the facts the court found for the plaintiff, Lenore Piner, in the original action and for

the Third Party Defendant, George Piner, in the impleaded cause. Being aggrieved the defendant in the original action and the Third Party Plaintiff in the impleaded action brings this report.

At the outset it is important that we note that the issue raised by the impleader has no proper place in this controversy. G.L. c. 231, §4B provides that "... a defendant, on notice to plaintiff, may as a third party plaintiff, enter a writ and have served a summons and third party declaration upon *a person who is or may be liable to him for all or part of the plaintiff's claim against him ...".* (Emphasis supplied).

Such a situation will be found where a defendant is covered by insurance and the insurer has undertaken, among other things, to represent him and defend him against legal claims. *Jenkins* v. *General Acc. Fire & Life Ass. Corp.,* 349 Mass. 699. The right in the defendant to so implead is against a person "who is or may be liable to him for all or part of the plaintiff's claim against him." In this action there is no way that the impleaded defendant, George J. Piner, is or may be liable to Anthony's Pier Four, Inc. for anything. In our opinion the resort to impleader did nothing except confuse the situation and set up a spurious issue.

If the theory on which Lenore Piner brought her action against Anthony's Pier Four, Inc.

was based on the claim that the valet or attendant who took over the car from George Piner was the agent or servant of Anthony's Pier Four, Inc. the latter was perfectly free to meet the issue by evidence rebutting the claim. However, it was the feeling of counsel for Anthony's Pier Four, Inc. that there were advantages in the impleader proceeding not otherwise available. In this he was mistaken. While G.L. c. 231, §85B make the facts of registration prima facie evidence of ownership and control the presumption may be contradicted or explained. *Pochi* v. *Brett,* 319 Mass. 197. *Menzigian* v. *La Riviere,* 334 Mass. 610.

It is the contention of the Third Party Plaintiff that the failure of the Third Party Defendant to set up an affirmative defense deprives him of the benefit of all the evidence dealing with the assertion of control by men found by the court to be apparent agents of Anthony's Pier Four, Inc. We must not overlook the fact that the case of *Lenore Piner* v. *Anthony's Pier Four, Inc.* was tried together with the impleaded case. The evidence reported was equally applicable to both cases, and there was much evidence in these cases to rebut the presumption that at the time of the accident the car was being driven by the registered owner or a person for whom the registered owner was responsible. There is nothing in G.L. c. 231, §85A or §85B that bars the introduction of such evidence, and the presumption can be rebutted. *Segal* v. *Yates,* 356 Mass. 449, 452.

In the cause under review the question of responsibility was an issue of fact to be determined by the court. *Ferreira* v. *Franco*, 273 Mass. 272, and it was resolved in favor of the plaintiff, Lenore Piner in the original action and the Third Party Defendant, George J. Piner, in the impleaded action. There was ample evidence to support the findings. All the circumstances of the entry of the Piner vehicle into the Anthony's Pier Four area indicates an invitation to turn the car over to agents of the restaurant for purposes of parking. The keys were left in the car and for the period that the valet, so-called, was in the car he had control of the car, and was free to park it whereever he pleased. In so acting he was performing a service as agent for the party who operated the lot. In the absence of any other evidence, and there was none, the inference was inescapable that the men who took the car and gave the parking ticket were agents of Anthony's Pier Four, Inc. In our opinion there was ample evidence to warrant the findings of the court. **Report dismissed.**

GEORGE J. O'BRIEN of Boston
for Anthony's Pier Four,
the original defendant and
Third Party Plaintiff.

ROBERT W. BRAMLEY of Boston
for the Third Party
Defendant George J. Piner.