Minehan, J.
This is an action in tort in which plaintiff seeks to recover for personal injuries suffered when she slipped and fell on a wet floor of a supermarket. At the close of plaintiffs evidence, and again at the close of all the evidence, defendant moved to dismiss pursuant to Mass. R. Civ. P„ Rule 41(b)(2), citing as grounds for dismissal that plaintiff had shown no right to relief. Defendant's motions were denied, and from this denial defendant appeals.
We agree with defendant’s assertion that the evidence presented at trial was insufficient to support a finding of negligence on the part of defendant.
The facts are that on October 21, 1995, at approximately 3:50 p.m., plaintiff walked through the parking lot of Shaw’s in Randolph, in what she described as “torrential rains.” Plaintiff acknowledged that prior to entering the store, she herself became wet. When plaintiff entered the store, she walked on a floor mat and obtained a grocery basket. When plaintiff stepped off the rug inside the door, she slipped and fell on the wet floor. At the time she fell, plaintiff bumped into a “wet floor” cone located at the end of the rug. No testimony was offered to establish an unreasonable quantity of water was present on the floor, or that the floor had been wet for an unreasonably long period of time.
In our review of the evidence,"... the transitory conditions of the premises, due to normal use in wet weather, according to ordinary experience could not in reason have been prevented.” Lanagan v. Jordan Marsh Co., 324 Mass. 540, 542 (1949). As in Wexler v. Stanetsky Memorial Chapel of Brookline, Inc., 2 Mass. App. Ct. 750, “[tjhere was no evidence to indicate that the water on the floor was more than ‘inevitably results from the tramping of many feet in such a place... under the conditions of weather then existing’” Moors v. Boston Elevated Ry., 305 Mass. 81, 82-83; Faulkner v. J. H. Corcoran & Co. Inc., 342 Mass. 94, 95-96 (1961). The evidence most favorable to the plaintiff was that, during torrential rain, plaintiff slipped and fell on the wet floor inside the entrance to defendant’s supermarket.
It has long been established in Massachusetts case law that"... an inference of negligence did not arise, even though a business visitor slipped and fell upon tile flooring, which was slippery when wet, in the absence of evidence that the injury was caused by a defect, or wear, or other condition not natural to the flooring. Battista v. Woolworth Co., 317 Mass. 179, 180-181.
The court’s judgment for the plaintiff is hereby vacated. Judgment for the defendant is to be entered.