## A99A0963. ASKARI et al. v. DOLAT.
### (524 SE2d 310)

PHIPPS, Judge.

Joyce Dolat sued Kwame Askari in the Superior Court of Hampden County, Massachusetts, to recover damages arising out of Askari's negligent operation of a motor vehicle in that state. Dolat also sued Nevorn Askari, the owner of the vehicle. The Askaris, both Georgia residents, failed to appear in Massachusetts, and the court there entered a default judgment for $160,293.45. Dolat then sued them in Walton County, Georgia, to domesticate the Massachusetts judgment.

In Georgia, Dolat prevailed in her motion for summary judgment, and the Askaris appeal, claiming that the Massachusetts court lacked personal jurisdiction. We find that Nevorn Askari was not properly served under Massachusetts law because Dolat never claimed that Nevorn Askari operated a vehicle in Massachusetts, either in person or through an agent, and the grant of summary judgment against her must be reversed. Kwame Askari, however, was properly served, and the grant of summary judgment against him is affirmed.

To prevail on her motion for summary judgment, Dolat must show that there is no genuine issue as to any material fact and that she is entitled to judgment as a matter of law.[1]

1. The Askaris argue that the Massachusetts court did not have personal jurisdiction. Although normally not subject to collateral attack, a foreign judgment may be challenged for lack of personal or subject matter jurisdiction.[2] Dolat claims that the Massachusetts court should be granted "full faith and credit" not only on the merits of the suit, but also on questions of jurisdiction, citing *Van Buskirk v. Great American Bank*[3] and *Crosby v. Wenzoski*.[4] In *Crosby*, however, the defendant specially appeared before the foreign court to contest jurisdiction, and in *Van Buskirk,* the defendant appeared in the foreign court through counsel and was deemed to have waived personal jurisdiction. Here, the Askaris made no appearance before the Mas-

---

[1] OCGA § 9-11-56 (c).
[2] *Economou v. Economou*, 196 Ga. App. 196 (1) (395 SE2d 830) (1990).
[3] 175 Ga. App. 101, 102 (332 SE2d 394) (1985).
[4] 164 Ga. App. 266, 270-272 (296 SE2d 162) (1982).

sachusetts court, and there is no presumption that personal jurisdiction exists. "[T]he burden is on the party seeking to domesticate the judgment to negate the defense of lack of jurisdiction. [Cit.]"[5]

2. The Askaris contend that the Georgia trial court had no Massachusetts law before it that would allow it to determine whether service was properly made thereunder. OCGA § 24-1-4 allows judicial recognition of foreign law if it is "published by authority." Notice of intent to rely on foreign law is required before a party can establish foreign law or place a duty on the trial court to recognize foreign law as published by authority.[6] Notice, however, can arise from the nature of the litigation.

> No issue of foreign law pertaining to sufficiency of long arm process service will arise during the course of litigation, unless the defendant timely raises such issue as prescribed by law. Thus, defendant will always have *actual knowledge* when an issue of foreign law, pertaining to adequacy of service of long arm process, will be litigated and will therefore have a *reasonable opportunity* to prepare for such litigation.[7]

The trial court was justified in looking to Massachusetts law to determine the adequacy of service of process in the Massachusetts action.[8]

3. Massachusetts law provides that when a nonresident operates a motor vehicle in the state it is equivalent to the appointment of the state registrar as the nonresident's attorney for service of process.[9] Service may be effected by notice on the registrar and by "forthwith" sending a copy of the process by registered mail, return receipt requested, to the defendant at his address of record in the office which issued his driver's license.[10] The plaintiff's affidavit of compliance, and the defendant's return receipt, if received by the plaintiff, must be filed before the return date of the process.[11] Attached to Dolat's complaint are two "affidavits of compliance" signed by her attorney, attesting to compliance with the notice provisions of the Massachusetts law by leaving a copy of the process and fee with the registrar and "forthwith mailing a copy of the process by registered mail return receipt requested" to Nevorn Askari and Kwame Askari.

---

[5] *Sanwa Leasing Corp. v. Stan Hunt Constr. Co.*, 214 Ga. App. 837 (449 SE2d 347) (1994).

[6] *Samay v. Som*, 213 Ga. App. 812 (2) (446 SE2d 230) (1994).

[7] (Emphasis in original.) Id. at 815 (2) (c).

[8] *P.G.L. & C.C. Employees Credit Union v. Kimball*, 221 Ga. App. 108, 109 (470 SE2d 501) (1996) (by the very nature of an action for domestication of a foreign judgment, all parties and the court have notice that foreign law will be relied upon).

[9] MGLA c. 90 § 3A.

[10] MGLA c. 90 § 3C.

[11] Id.

The trial court cited *Hess v. Pawloski*[12] as authority for upholding Dolat's service under Massachusetts law. But the law considered by *Hess* required actual notice to the defendant,[13] and the Askaris contend that actual notice cannot be shown by Dolat. The amended Massachusetts law under which the Askaris were served does not, however, require actual notice to the defendant.[14] We have honored similar "long arm" statutes that did not require actual notice so long as it was "reasonably probable" that the notice of service would be communicated to the defendant.[15] We find that the Massachusetts law meets this standard. Dolat has shown careful compliance with Massachusetts law.[16] The Askaris claim that they did not sign registered mail return receipts, but such a signature is not required under the terms of the Massachusetts law.

4. The Massachusetts nonresident motorist statute applies only to those who operate vehicles in Massachusetts in person or by agent[17] and is therefore inapplicable to a mere owner of a vehicle.[18] Dolat's complaint states that Nevorn Askari was the owner of the vehicle, not the operator. Because the Massachusetts law never applied to her, Nevorn Askari could not be served under its provisions and was never subject to the jurisdiction of the Massachusetts court. Thus we reverse the trial court's grant of Dolat's motion for summary judgment against Nevorn Askari. But we affirm the trial court's grant of Dolat's motion for summary judgment against Kwame Askari because he operated the car in Massachusetts.

5. The Askaris claim the trial court erred in ruling that the copy of the Massachusetts judgment that Dolat sought to domesticate was properly authenticated.

OCGA § 24-7-24 (b) provides that a record of a judicial proceeding in another state may be admitted in a court of this state "when certified under the hand and seal, if any, of the judge, clerk or other official of such court." The copy of the judgment submitted by Dolat is sealed with the court seal, and to the right of the seal is written "A true copy." Below and to the right of the seal is written "Attest," and the signature of the Deputy Assistant Clerk is written below that.

---

[12] 274 U. S. 352 (47 SC 632, 71 LE 1091) (1927).

[13] Id. at 356.

[14] MGLA c. 90 § 3C; Kenney & Ferris, Massachusetts Practice, § 26.3.

[15] *Dunn v. Royal Bros. Co.*, 111 Ga. App. 322 (141 SE2d 546) (1965); see, e.g., *Wuchter v. Pizzutti*, 276 U. S. 13 (48 SC 259, 72 LE 446) (1928).

[16] See *Gifford v. Spehr*, 358 Mass. 658 (266 NE2d 657, 661 (2)) (1971) (allowing service on a nonresident defendant is a privilege which must be carefully exercised); but compare *Hardy v. Green*, 277 FSupp. 958 (1967) (technical violations of the statutory procedure are not, under Massachusetts law, fatal).

[17] MGLA c. 90 § 3A.

[18] *Segal v. Yates*, 356 Mass. 449 (253 NE2d 841) (1969); *Gately v. U-Haul Co.*, 350 Mass. 483 (215 NE2d 743) (1966).

The Askaris argue that the attestation here does not amount to a certification. One of the definitions of "attest" is to certify to the verity of a copy of a public document.[19] The clerk thus attested that the document is a true copy of the court's judgment.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 2, 1999.

*Michael D. Hill*, for appellants.

*Bryant, Davis & Cowden, Jay G. Davis, Howe & Associates, William L. Henderson*, for appellee.

