A01A0088. MURDOCK et al. v. MADISON RIVER TERMINAL, INC.
(547 SE2d 802)

BARNES, Judge.

Madison River Terminal, Inc. sued Keith Murdock and Waylon Murdock on a judgment of the Vigo Superior Court of the State of Indiana. After an evidentiary hearing, the trial court entered a judg-

ment for Madison River. The Murdocks appeal from the order denying their motion for a new trial. In their enumeration of errors, they claim that the trial court erred in (1) finding that the Indiana trial court had proper jurisdiction, (2) giving effect to the assignment of judgment, (3) considering an unsigned affidavit of the Indiana trial court, (4) taking judicial notice of the Indiana judgment, and (5) finding that Keith Murdock had been validly served in the Georgia action. For reasons that follow, we vacate and remand the case for a determination of whether the Indiana trial court had personal jurisdiction over the Murdocks.

A trial court's findings of fact after an evidentiary hearing will not be set aside unless completely erroneous. *Brandon v. Newman*, 243 Ga. App. 183, 186 (3) (a) (532 SE2d 743) (2000). But the trial court's application of law to undisputed facts is subject to de novo appellate review. *H-B Properties v. City of Roswell*, 247 Ga. App. 851 (545 SE2d 37) (2001).

Considering the evidence in the light most favorable to the trial court's findings, Madison River sued Woody Underwood for breach of contract in an Indiana court. Underwood then filed a third-party complaint against the Murdocks, who were Georgia residents. The Murdocks were served by mail in Georgia; they answered the third-party complaint, denied the Indiana court's jurisdiction over their person and the subject matter, challenged the merits, and requested a jury trial. The Murdocks did not seek a ruling on their jurisdiction challenge and failed to appear for a scheduled hearing. The Indiana court found that the Murdocks "appear not, having been duly notified, and are hereby defaulted." It then held an evidentiary hearing, made findings of fact, and ruled with respect to the merits of the third-party complaint. However, it made no finding or ruling on the question of personal jurisdiction. Judgment was entered against the Murdocks on May 28, 1992. On August 1, 1994, Madison River filed this complaint on a foreign judgment in Walker County, Georgia.

1. The Murdocks claim the Indiana trial court lacked personal jurisdiction over them. The Georgia trial court found that the Indiana judgment demonstrates that the Indiana trial court had personal jurisdiction over the Murdocks and that the Murdocks, having filed an answer in the Indiana court, had chosen that forum to litigate the issue of jurisdiction and are bound by its findings. Nevertheless, we find that the Murdocks' decision to answer does not foreclose a later challenge to the Indiana trial court's personal jurisdiction.

Under the full faith and credit clause of the United States Constitution, the courts of this state will enforce the judgment of a court of another state; such a judgment is res judicata between the parties. *Crosby v. Wenzoski*, 164 Ga. App. 266, 269 (1) (296 SE2d 162) (1982). When suit is brought in this state to domesticate a foreign judgment,

"the judgment may be attacked only if the foreign court lacked jurisdiction over the person of the defendant or of the subject matter of the action, or if the judgment was procured by fraud." (Citations omitted.) *Economou v. Economou*, 196 Ga. App. 196 (1) (395 SE2d 830) (1990). Generally, if the foreign judgment was obtained by default, no presumption of personal jurisdiction exists, and the burden is on the party seeking to domesticate the judgment to negate the defense of lack of jurisdiction. *Sanwa Leasing Corp. v. Stan Hunt Constr. Co.*, 214 Ga. App. 837, n. 1 (449 SE2d 347) (1994). However, "[w]here jurisdictional issues are raised and decided against a litigant in a foreign court, the foreign judgment is given full faith and credit not only as to the merits of the suit but also as to the finding of jurisdiction." (Citation omitted.) *Van Buskirk v. Great American Bank &c.*, 175 Ga. App. 101 (332 SE2d 394) (1985).

In order to give the Indiana judgment the same effect in Georgia as in Indiana, we must first look to Indiana law. See *Chrison v. H & H Interiors*, 232 Ga. App. 45, 49 (1) (500 SE2d 41) (1998). Indiana law shows that because the Murdocks answered in the Indiana court to contest personal jurisdiction and made no subsequent motions, their failure to appear in a subsequent proceeding on the merits did not constitute a waiver of personal jurisdiction. In *Hotmix & Bituminous Equip. v. Hardrock Equip. Corp.*, 719 NE2d 824 (Ind. App. 1999), a foreign defendant answered a claim in an Indiana court and contested the Indiana court's personal jurisdiction. The defendant failed to respond to the plaintiff's motion for summary judgment, and summary judgment was awarded to the plaintiff. The trial court subsequently granted defendant's motion for relief from judgment on grounds of lack of personal jurisdiction. On appeal, plaintiff argued that defendant waived its right to contest personal jurisdiction when it refused to respond to the motion for summary judgment. The Court of Appeals of Indiana affirmed, holding that the defendant's decision to refuse to respond to the summary judgment motion was "analogous to a defendant who chooses to ignore a pending proceeding and takes the risk that a subsequent challenge to personal jurisdiction will prevail." Id. at 832. The court further explained:

> [Defendant] filed an answer in which it asserted that the courts of Indiana did not have personal jurisdiction over it. In reliance on this objection, [defendant] chose not to take further action in regards to discovery or responding to [plaintiff's] summary judgment motion. By choosing this course of action, [defendant] took the risk that the trial court would grant summary judgment in [plaintiff's] favor and then deny any subsequent motions for relief from judgment.

> Although risky, this was a course that [defendant] was entitled to take.

Id. By this reasoning, having objected to the Indiana court's personal jurisdiction, the Murdocks' subsequent failure to appear for the hearing would not preclude them from later asking for relief from judgment on the basis of a lack of personal jurisdiction. And if the Indiana trial court lacked personal jurisdiction, its judgment is void, not merely voidable, and relief from judgment may be had at any time. *Stidham v. Whelchel*, 698 NE2d 1152, 1156 (I) (Ind. 1998).

Giving the Indiana judgment the same credit, validity, and effect in Georgia that it would have in Indiana, see *Chapman v. State*, 177 Ga. App. 580, 582 (2) (340 SE2d 237) (1986), we find the Indiana judgment does not foreclose a challenge by the Murdocks on the Indiana trial court's personal jurisdiction over them. The Georgia trial court erred by finding that the Indiana judgment was an unassailable adjudication of personal jurisdiction. We therefore vacate the Georgia trial court's judgment and remand the case for a determination of whether the Indiana trial court had personal jurisdiction over the Murdocks.

2. The Murdocks have raised several other issues which have no merit. They claim the Indiana judgment was owned by Underwood and that an assignment of judgment by attorney attached to the original complaint was ineffective to assign the judgment to Madison River. But an assignment was not required for Madison River to enforce the judgment. The Indiana court found that the damages owed by the Murdocks should be paid to the original plaintiff, Madison River. The assignment of judgment was superfluous.

3. The Murdocks claim the trial court improperly took judicial notice of the Indiana judgment because it was not authenticated, not certified, and previously excluded from consideration in the motion for summary judgment because it was filed late. However, the appellate record shows that the Indiana judgment was certified as a "full, true and complete copy" by the court clerk. This is sufficient to prove or admit the judgment under OCGA § 24-7-24 (b). *Askari v. Dolat*, 240 Ga. App. 633, 635-636 (5) (524 SE2d 310) (1999). Furthermore, a review of the record shows that the certified copy of the Indiana judgment was timely filed with the Georgia trial court.

4. Keith Murdock claims that he was not timely served in the Georgia action. The record supports the trial court's finding that he was personally served on October 17, 1995. OCGA § 9-3-20 requires that a suit on foreign judgment be brought within five years from the date the judgment is first obtained. The foreign judgment here was entered on May 28, 1992. The trial court did not err in finding that Keith Murdock was timely served.

*Judgment vacated and case remanded. Smith, P. J., and Phipps, J., concur.*

DECIDED MAY 15, 2001.

*Joseph E. Willard, Jr.,* for appellants.
*Mann, Bracken, Layng & Knezo, Stephen J. Knezo,* for appellee.