Johnson Smith, J.
This is a negligence action to recover for personal injuries sustained by plaintiff Claudio Valente in a fall in the defendant’s supermarket After a jury-waived trial, judgment was entered for the plaintiff. The defendant has appealed the trial court’s denial of its Mass. R. Civ. P., Rule 41(b) (2), motions for involuntary dismissal filed after the plaintiff’s opening statement, at the close of the plaintiff’s evidence and, again, at the conclusion of trial.
The defendant’s Rule 41 (b) (2) motions expressly challenged the legal sufficiency of the evidence to permit a finding in the plaintiff’s favor,[1] and properly preserved that issue for appellate review. Skowronski v. Sachs, 62 Mass. App. Ct. 630, 632 (2004). In considering the issue, we view the evidence in the light most favorable to the plaintiff. Medford Co-op Bk. v. Skerry, 2004 Mass. App. Div. 120, 122. So viewed, the record indicates that on November 20, 1999, at approximately 8:00 P.M., the plaintiff stopped at the defendant’s supermarket in Wareham. It had rained earlier in the day, and was raining again as the plaintiff proceeded into the market. According to the plaintiff, he entered the building on the right into an 8 foot wide hallway, turned left and then right through an inner entrance door, and passed between two “perpendicular” metal hand railings located 7 to 8 feet into the store. A rug was hung between the rails in a “u-shape,” with the center of the rug covering the floor and each end of the rug *9 draped through an upper or middle rail.[2] The plaintiff stepped on the rug and heard a “squishing” sound, which he described at trial as “hearting] the water, when you step on [the rug], like floppy, you know.” As he stepped off the rug onto a white tile floor, he slipped and fell, injuring his right knee and left hand and wrist.
There is no question that the defendant owed a duty of care to maintain business premises “provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know.” Thurlow v. Shaw’s Supermarkets, Inc., 49 Mass. App. Ct. 175, 176 (2000), quoting Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973). Nor do the parties dispute that the plaintiff fell and sustained injury on the defendanf s business premises. The dispositive issue at trial and on this appeal is whether the plaintiff advanced sufficient evidence of the defendanf s breach of its duty of reasonable care so as to hold the defendant liable in negligence for the plaintiffs injuries. Based on the record before us, it must be concluded that the plaintiffs evidence was insufficient as a matter of law to establish that his injuries were caused by a defect or other unsafe condition which the defendant created, knew of, or should have discovered and remedied in the exercise of due care. See Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 265 (1961).
The evidence established only that the plaintiff entered the defendant’s market on a rainy day and fell as he stepped off a wet rug near the entranceway. The plaintiff does not contend that he tripped on the rug, compare, e.g., Desarmes v. Shaw’s Supermarkets, Inc., 1998 Mass. App. Div. 194 (supermarket liable for negligent placement of carpet that slipped out from underneath plaintiff as he entered the store), and there is no evidence to permit a reasonable inference that the placement or location of the alleged rug, or the rug itself, caused the plaintiff’s fall. The record is devoid of any evidence that the defendant or its employees draped the rug over or through the alleged perpendicular metal rails in the manner described by the plaintiff, or that they ever knew of any such rug. Further, the plaintiff did not testify as to any visible pooling of water in the center of the rug, run-off from it, or any other fact to support his conclusory conjecture that the rug was saturated because of its alleged u-shaped draping. The plaintiff did not establish the length of time the rug in question, as opposed to other rugs in another section of the market’s entrance, had remained on the floor. Finally, the plaintiff did not suggest that the defendant or its employees created the wet condition of the rug. Contrast, e.g. Thurlow, supra (judgment for plaintiff who slipped and fell on water-soaked rug in a puddle caused by melting ice from fish display case); Riley v. National Pneumatic Co., 341 Mass. 736 (1961) (defendant negligent in failing to repair sprinkler system leaks that caused slippery pools of water on linoleum floor).
Equally absent is any evidence of even a noticeable, much less sizeable, accumulation of water at the location of the plaintiffs fall. “Where water has accumulated on the floor of a business establishment as a result of improper supervision, its presence may constitute an unreasonably hazardous condition.” Thurlow, supra, at 176. See, e.g., McGovern v. Stop & Shop Cos., 1994 Mass. App. Div 33 *10 (defendant liable for plaintiffs fall in puddle of cloudy, dirty water 2 feet by 3 feet in diameter and 1 inch deep caused by drainage from dripping shopping carts stored in adjacent area). The plaintiffs testimony that the rug “squished” when he stepped on it and that he noticed “some water” only after his fall fell well short of establishing any actionable pooling or quantity of water in the supermarket’s entrance.
The plaintiffs claim is, thus, comparable to those in Jackson v. Shaw’s Supermarkets, Inc., 1998 Mass. App. Div. 183; Pettie v. The Stop & Shop Supermarket Co., 1996 Mass. App. Div. 41 and Kirmes v. The Stop & Shop Cos., 1992 Mass. App. Div. 196, wherein judgments were ordered for the defendants upon proof of little more than wet flooring on rainy days that “inevitably results from the tramping of many feet in such a place... under the conditions of weather then existing.” Wexler v. Stanetsky Memorial Chapel of Brookline, Inc., 2 Mass. App. Ct. 750, 751 (1975). Proof of negligence requires something more than evidence of “the transitory condition of premises, due to normal use in wet weather, [that] according to ordinary experience could not in reason have been prevented.” Id-
Judgment for the plaintiff is vacated, and judgment is to be entered for the defendant.[3]
So ordered.

The trial court also denied the defendant’s Mass. R. Civ. R, Rule 64A(b) (2), requests for rulings that the evidence required a finding for the defendant as a matter of law. The defendant’s requests for rulings and third Rule 41(b)(2) motion adequately preserved the issue of the legal sufficiency of the trial evidence in its entirety to warrant a judgment for the plaintiff. It is, thus, unnecessary to consider the narrower issue of whether the inadequacy of the plaintiff’s opening statement should have resulted in a dismissal of the plaintiff’s case. For factors relevant to the appropriately infrequent practice, Island Transp. Co. v. Cavanaugh, 54 Mass. App. Ct. 650, 653-654 (2002), of directing a verdict for the defendant after the plaintiff’s opening, see Douglas v. Whittaker, 324 Mass. 398, 399-400 (1949); Hubert v. Melrose-Wakefield Hosp. Ass’n., 40 Mass. App. Ct. 172, 176 (1996).

 It must be inferred from his finding for the plaintiff that the trial judge did not credit any of the defendanf s testimonial, photographic or documentary evidence contradicting the plaintiffs description of the layout of the supermarket entrance; of the location, nature or even existence of “perpendicular” railings; of the placement of rugs at the entrance; and of even the possibility that a rug could have been hung between the existing parallel railings which were covered on the inside of both railings with full plexiglass shields. For purposes of Rule 41(b) (2) review, we also disregard that evidence. Parks v. Ricciardi, 2005 Mass. App. Div. 107.

 In light of our decision, we do not reach the defendanf s additional charge of error in the trial courts exclusion of the testimony of certain rebuttal witnesses.