**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 4, 2014**

# In the Court of Appeals of Georgia

A14A0582. GREEN CERTIFIED ENERGY PROFESSIONALS, JE-032 INC. v. INSULATION DISTRIBUTORS, INC.

ELLINGTON, Presiding Judge.

Green Certified Energy Professionals, Inc. ("Green") appeals from an order of the Superior Court of Gilmer County domesticating a default judgment obtained by Insulation Distributors, Inc. ("Insulation") in a Minnesota state court. Green contends that the superior court erred in domesticating the judgment because Insulation failed to carry its burden of negating Green's defense of lack of personal jurisdiction. For the reasons set forth below, we agree and reverse.

> Under the full faith and credit clause of the United States Constitution, the courts of this state will enforce the judgment of a court of another state; such a judgment is res judicata between the parties. When suit is brought in this state to domesticate a foreign judgment, the judgment may be attacked only if the foreign court lacked jurisdiction over the

person of the defendant or of the subject matter of the action, or if the judgment was procured by fraud. Generally, if the foreign judgment was obtained by default, no presumption of personal jurisdiction exists, and the burden is on the party seeking to domesticate the judgment to negate the defense of lack of jurisdiction. However, where jurisdictional issues are raised and decided against a litigant in a foreign court, the foreign judgment is given full faith and credit not only as to the merits of the suit but also as to the finding of jurisdiction.

(Citations and punctuation omitted.) *Murdock v. Madison River Terminal*, 249 Ga. App. 608, 609-610 (1) (547 SE2d 802) (2001). See also OCGA § 9-12-114 (2) ("A foreign judgment shall not be recognized if . . . [t]he foreign court did not have personal jurisdiction over the defendant[.]") "A trial court's ruling on a motion to set aside a judgment will be affirmed if there is any evidence to support that ruling." (Citation and punctuation omitted.) *Aqua Sun Investments v. Kendrick*, 240 Ga. App. 671, 673 (2) (524 SE2d 519) (1999).

The appellate record shows as follows. On or about November 29, 2012, Insulation sued Green and Charles D. Chastain in the State of Minnesota, Carver County District Court, to collect on a debt. On December 6, 2012, Insulation served Chastain and attempted to serve Green by personally delivering suit papers to Chastain in North Carolina. On December 6, Chastain was neither an officer of nor

2

the registered agent for Green. Although Chastain had previously served in both capacities, the records of the Secretary of State of Georgia showed that, as of August 17, 2012, Chastain was no longer an officer or registered agent of the corporation. Rather, Green's corporate filings showed that it could be served at its corporate headquarters in Ellijay. There is no evidence in the record that Insulation made any other effort to perfect service upon Green. The Minnesota court entered a default judgment in Insulation's favor on April 17, 2013.

On May 30, 2013, Insulation filed the instant motion to domesticate the Minnesota judgment. Green filed a response, asking the court to refuse to recognize the judgment on the ground that service upon it had never been perfected.[1] After reviewing the record and briefs of the parties, the court entered an order domesticating the judgment. In reaching its decision, the court acknowledged that it

---

[1] "With regard to relief from such a judgment, the proper method for attacking a foreign judgment filed in Georgia under the [Uniform Enforcement of Foreign Judgments Law] is a motion to set aside under OCGA § 9-11-60 (d)." (Citation and punctuation omitted.) *Noaha, LLC v. Vista Antiques & Persian Rugs,* 306 Ga. App. 323, 326 (1) (702 SE2d 660) (2010). OCGA § 9-11-60 (d) (1) provides, in pertinent part, that a judgment may be collaterally attacked based upon "lack of jurisdiction over the person[.]" Green's motion was not styled as a motion to set aside a judgment pursuant to OCGA § 9-11-60 (d); however, because that was essentially the substance of the motion, we will treat it as such. See *Kuriatnyk v. Kuriatnyk,* 286 Ga. 589, 589-590 (690 SE2d 397) (2010) (in pleadings, substance controls over nomenclature).

lacked information concerning whether the issue of service of process had been raised and litigated in the Minnesota court. Without reference to Minnesota law, the court concluded that, since service had "attached" to Chastain, who had "previously" been Green's registered agent, Green presumably had knowledge of the suit and, thus, had an opportunity to litigate the case in Minnesota if it had wished to do so.

The record before us does not contain any of the pleadings filed by the parties in the Minnesota action, so it does not show whether Green litigated the issue of lack of personal jurisdiction. However, in its final judgment, the Minnesota court found as a matter of fact that Green had filed "[n]o answer or other appearance." Further, although the Minnesota court found that a copy of the summons and complaint had been served upon Green, it did not specify how service had been perfected. Based upon these and other findings of fact, the court entered a default judgment against Green. Because the Minnesota court entered a default judgment against Green, no presumption of personal jurisdiction exists. Insulation, as the party seeking to domesticate the judgment, has the burden of negating Green's defense of lack of jurisdiction and of establishing that, pursuant to Minnesota law, service upon Green had been perfected such that the Minnesota court had acquired personal jurisdiction over it. *Murdock v. Madison River Terminal*, 249 Ga. App. at 609-610 (1).

4

Minnesota Rule of Civil Procedure 4.03 (c) provides, in pertinent part, that service upon a corporation may be made by "delivering a copy [of the summons and complaint] to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons." The Supreme Court of Minnesota has held that service of process in a manner not authorized by Rule 4 is ineffective. *Duncan Electric Co., Inc. v. Transdata, Inc.*, 325 NW2d 811, 812 (Minn. 1982) (service of process upon an individual without express or implied authority to receive service was ineffective under Rule 4). Although, under Minnesota law, rules governing service are liberally construed when the intended recipient had prompt, actual notice of the lawsuit, *Larson v. Hendrickson*, 394 NW2d 524, 526 (Minn. Ct. App. 1986), actual notice will not subject a defendant to personal jurisdiction absent the plaintiff's substantial compliance with Rule 4. *Thiele v. Stich*, 425 NW2d 580, 584 (III) (Minn. 1988). Moreover, this actual notice exception "has been recognized only in cases involving substitute service at the defendant's residence." (Citation omitted). Id. Finally, "[i]n order for one to be an agent expressly or impliedly authorized to receive service under Rule 4.03(c), it is first necessary that there be an actual agency relationship." (Citations and punctuation omitted.) *Winkel*

5

*v. Eden Rehabilitation Treatment Facility, Inc.*, 433 N.W.2d 135, 139 (Minn. App. 1988).

In this case, there is no evidence in the record from which the superior court could infer that Chastain had an agency relationship with Green at the time process was served, that Chastain was expressly or impliedly authorized to receive service of process on Green's behalf, that Insulation substantially complied with Minn. R. Civ. P. 4.03 (c), or that Green had actual knowledge of the Minnesota suit. Given the record in this case, we must conclude that Insulation failed to sustain its burden of negating Green's jurisdictional defense. See *Murdock v. Madison River Terminal*, 249 Ga. App. at 609-610 (1); OCGA § 9-12-114 (2). Consequently, the court erred in denying Green's motion to set aside and in domesticating the foreign judgment.

*Judgment reversed. Phipps, C. J., and McMillian, J., concur.*