12047.   COWETA FERTILIZER CO. *v.* JOHNSON.

Where an attorney at law consents to the taking of a compromise verdict
and judgment in a case in which he is employed, such verdict and
judgment are binding upon his client, if there was no fraud and no
violation of express directions given by the client to the attorney and
known to the adverse party or his attorney.

DECIDED MARCH 16, 1921.

Complaint; from city court of Carrollton — Judge Beall. October 30, 1920.

The Coweta Fertilizer Company sued A. F. Johnson on a promissory note. At the appearance term the defendant filed a plea in which he alleged that he had made a payment of $85 on the note, which was not credited thereon; and when the case was reached for trial the attorneys for both plaintiff and defendant agreed on a consent verdict for the plaintiff for the amount of the note, less a credit of $42.50. Judgment was entered accordingly. During the term at which the verdict and judgment were rendered the defendant made a motion for a new trial, on the usual general grounds and on the grounds (1) that when the verdict was rendered against him he was confined to his home with an attack of appendicitis and was unable to attend court on the day of trial, and had so notified his attorney by sending him a certificate of his physician; and (2) that his attorney had no authority to permit the verdict and judgment to be taken against him, except in accordance with his plea allowing him a credit of $85; that the agreement by his counsel for a verdict for less than this amount of credit, to wit, a credit of $42.50, was without the knowledge and consent of the movant, and that he objected as soon as he was informed of it, and insisted that the payment set up in his plea was made by him, and that he did not owe the plaintiff the $85 or any part thereof. The movant's affidavit as to his sickness and the affidavit of his physician were attached to the motion for a new trial. The judge granted the motion, and the plaintiff excepted.

*Hall & Jones,* for plaintiff.

*R. D. Jackson & Son,* for defendant.

HILL, J. (After stating the foregoing facts.)
Verdicts and judgments rendered by consent of counsel in

good faith and without any fraud or violation of express instructions given by the client to the attorney and known to the adverse party or his attorney are binding upon the client, the consent of counsel being in law the consent of the parties they represent. Civil Code (1910), § 4955. In the case of *Davis* v. *First National Bank of Blakely,* 139 *Ga.* 703 (78 S. E. 193, 46 L. R. A. (N. S.) 75), Mr. Justice Lumpkin, in quite a lengthy and learned decision reviewing the English rule on the subject and decisions of this court and of courts of the United States, said: "It may be stated that the code and the decisions generally follow the English rule, at least in part; and that the decisions hold that if an attorney at law consents to the taking of a compromise decree in a case in which he is employed, it is binding upon his client, in the absence of fraud or of violation of express directions given by his client and known to the adverse party or his attorney." In this case it will be noted in the affidavit of the movant that his attorney who agreed to the verdict acted in good faith, and did so thinking he had authority to accept a credit of half the sum of his payment, and the client does not charge that there was any fraud by his attorney in the making of this agreement, or that there was any violation of express instructions given to his attorney on the subject. In fact it is not alleged in his affidavit that he had given his attorney any instruction at all on the subject. In *Perkerson* v. *Reams,* 84 *Ga.* 298 (10 S. E. 624), it was held: "Where counsel appear for parties before the court, and there is no question as to their authority for making such appearance or acting in behalf of the parties, all that counsel do before the court is binding on their clients, especially when such action on the part of counsel leads to judgments and orders of the court. Such orders will not be set aside at the instance of clients upon the ground that their counsel had no authority to agree thereto."

We do not think that § 4956 of the Civil Code of 1910 is applicable to the facts of the present case. That section provides as follows: "Without special authority, attorneys cannot receive anything in discharge of a client's claim but the full amount in cash." In the present case the attorney of the defendant was not endeavoring to collect or enforce his client's claim, but was resisting a suit or claim against his client, and consented

to the credit in favor of his client. We are of the opinion that where a settlement of a suit is made by an attorney accepting less than the full amount of the claim in cash, the agreement binds the client if the settlement is carried out by a consent verdict and judgment and the ·settlement was made without fraud on the part of the attorney or any instruction of the client to the contrary. This being true, we think the trial judge had no right to grant a new trial. Indeed, if the movant had any rights at all under the facts of this case, he was certainly not entitled to a new trial. New trials are granted because of errors of the trial court. occurring during the trial, or because of newly discovered evidence. No error of the court is alleged, and certainly the evidence did not fall within the classification of newly discovered evidence. If there had been any fraud alleged and shown, or any violation of instructions given by the client to the attorney, or any collusion of any sort between the attorneys for the plaintiff and the defendant, either an equitable petition, setting up the facts and asking that the judgment be vacated, or a motion to set aside the judgment, would have been the proper remedy, not a motion for a new trial. But regardless of this, we are satisfied that the verdict and judgment should stand; there being in this case no allegation or evidence of any fraud, or any violation of instructions given by the defendant to his attorney, but on the contrary a distinct allegation by the defendant of good faith on the part of his ·attorney in consenting to the verdict and judgment, although such consent was made without his (the defendant's) knowledge or consent.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*