24909.   GILLIS *v.* ATLANTIC COAST LINE RAILROAD COMPANY.

STEPHENS, J.   1. Damages resulting from the necessary and required medical treatment of a physical injury is an element of damage recoverable as proximately resulting from the negligence of the tort feasor whose negligence caused the injury. *Edmondson* v. *Hancock,* 40 *Ga. App.* 587 (151 S. E. 114); Martin *v.* Cunningham, 93 Wash. 517 (161 Pac. 355); Retelle *v.* Sullivan, 191 Wis. 576 (211 N. W. 756).

2. Where a brakeman in the employment of a railroad company, has, as a result of the company's negligence, sustained an injury to his foot consisting in the loss of his big toe caused by the operation of the defendant's train, and where, under a proper and necessary treatment of the injuries thus sustained it is necessary to amputate the employee's foot, the damage suffered by the employee in the amputation of his foot as a result of the necessary medical treatment of the injury, is an element of damage proximately resulting from the railroad company's negligence in causing the original injury. The condition of the foot in being amputated below the ankle, instead of having been amputated above the ankle, whereby his foot is left in a condition where he can not use an artificial limb as could have been done had the foot been amputated above the ankle, is a damage due to the amputated condition of the foot as a result of the necessary medical treatment, and is therefore a damage proximately resulting from the negligence of the tort feasor in causing the original injury to the foot. This is true notwithstanding the damaged condition of the foot by reason of its being amputated below the ankle instead of above the ankle was caused by the intentional act of the tort feasor through one of its servants a surgeon as its authorized agent, and was done for the purpose of lessening any claim for damages by the injured person against the railroad company resulting from the original injury sustained by affording him a claim for damages only for the loss of a portion of the foot and not for the loss of the leg which would have been the case had the amputation been above the ankle.

3. Where the injured employee brought suit against the railroad company to recover damages resulting from the alleged negligence of the defendant in injuring the plaintiff's foot in the operation of one of its trains, although damages may not have been asked for specifically for any alleged damage to the plaintiff by reason of the foot having been amputated below the ankle instead of above the ankle, and although a recovery by the plaintiff may not have included any specific damage for the alleged injury resulting from the amputation of the foot below the ankle instead of above the ankle, such damage was nevertheless an ele-

ment of damage recoverable in that suit. A judgment found for the plaintiff in that suit is res judicata of his right in a subsequent suit by him against the defendant railroad company to recover damages for the alleged wilful and intentional improper treatment by the defendant of the plaintiff's foot in causing it to be amputated below the ankle instead of above the ankle.

4. A judgment of a court of another jurisdiction in the same cause of action between the same parties is res judicata of all questions that could have been heard and determined in the case in which the judgment was rendered.

5. Upon the trial of a suit in the city court of Savannah brought by the injured person against the railroad company to recover damages for the alleged improper amputation by the defendant of the plaintiff's foot below the ankle instead of above the ankle as alleged, a judgment for the plaintiff against the defendant in a former suit brought under the Federal employers liability act, in a court of the State of South Carolina, to recover damages resulting from the original injury to the plaintiff's foot caused by the negligent operation of the defendant's train, although no specific element of damage was alleged or recovered in the suit in the South Carolina court for the alleged improper amputation by the defendant of the plaintiff's foot, is res judicata of the plaintiff's right to recover in the city court of Savannah.

6. The court did not err in overruling the plaintiff's demurrer to the defendant's plea of res judicata, and in afterwards, in passing on the case under the agreed statement of facts without the intervention of a jury, finding in favor of the defendant's plea.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 11, 1936.

*Oliver & Oliver,* for plaintiff.
*Abrahams, Bouhan, Atkinson & Lawrence,* for defendant.