### 58780. OLD DOMINION FREIGHT LINE et al. v. MARTIN.

CARLEY, Judge.

Martin sued Old Dominion, its employee driver and its insurer for medical expenses and loss of consortium of his wife due to extensive disabling and permanent injuries received by her as a result of the negligence of Old Dominion's driver. The trial court charged the jury that under Georgia law the husband has the right to recover medical expenses for the wife because of his obligation to support her, and that in the event the wife's injuries are shown to be of a permanent nature it would be proper to consider the sole life expectancy of the wife since the husband's duty to provide would then extend beyond his own life expectancy. The court further charged that the mortality tables which were in evidence could be considered by the jury to determine the life expectancy of both the husband and the wife and that the husband's right to recover for loss of consortium was limited to the joint lives of the parties. The defendants appeal from a $300,000 verdict in Martin's favor. The question presented is whether the trial court erred in allowing the jury to consider the sole life expectancy of the wife in determining the amount to be recovered for medical expenses.

The importance of this issue, which appears to be of first impression, is that under Georgia law the wife cannot sue for her own medical expenses because this right is vested solely in the husband. "Under the common law and under the statutory law of this State, a husband is bound to support and maintain his wife and furnish her the necessities of life (Code § 53-510), and this includes medical and hospital expenses and the expenses of burial. [Cits.] In the event of injury to the wife, the right to recover the

expenses incurred for medical, hospital and funeral bills is not in her but in the husband, unless there are special circumstances, as where the wife contracts to be personally bound. [Cits.]" *Complete Auto Transit, Inc. v. Floyd,* 214 Ga. 232, 238-39 (3) (104 SE2d 208) (1958); *Thomas v. Allstate Ins. Co.,* 133 Ga. App. 193, 195 (2) (210 SE2d 361) (1974). This is the rule in the vast majority of all other jurisdictions as well. See generally, Annot., 21 ALR 3d 1113 (1968).

However, at the time of trial of this case Mrs. Martin was 36 and Mr. Martin was 57. The appellants insist that since the husband's obligation to support his wife terminates at *his* death, allowing the jury to consider the *wife's* life expectancy, which extended past his, permitted an award of damages that was greater than he was entitled to. This argument ignores the fact that the wife's only recourse for recovery of medical expenses is through her husband, and that the state of her health and her life expectancy must necessarily therefore be considered in determining the award of damages for her benefit. It also overlooks the statutory precepts that "[i]n *all cases necessary* expenses consequent upon the injury done are a legitimate item in the estimate of damages," (Code § 105-2004); and that "[t]he *necessary and required* hospital, medical and other expenses consequent upon the negligence of another party are recoverable [Cit.] *Gillis v. Atlantic Coast Line Railroad Company,* 52 Ga. App. 806 (184 SE 791) [1935]." (Emphasis supplied.) Aretz v. United States, 456 FSupp. 397, 402 (S.D. Ga. 1978).

Thus if, as here, the wife will require full-time medical care and treatment and assistance from third parties for the rest of *her* life, these costs must be recovered by the husband *for her* regardless of whether she may (or may not) outlive him. We are constrained to opine that if Mrs. Martin had been older than Mr. Martin, it would be unlikely that appellants would assert that the husband's life expectancy, rather than that of the wife, was the sole determinative factor in computing damages. Although the trend towards recognizing the separate and individual legal rights and responsibilities of married women is gradually increasing, we conclude that so long as our law vests only in the husband the right to sue for his

wife's necessary medical expenses, the correct measure of such damages must allow for the recovery of what the evidence shows to be the anticipated expenditures for necessary and required care of the wife for the expectancy of *her* life. It follows that the trial court did not err in instructing the jury to consider the mortality tables as to Mrs. Martin's life expectancy so as to ascertain what future medical expenses were reasonably certain to accrue as the natural and proximate result of the injuries she received, for which Mr. Martin would be entitled to recover damages.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED NOVEMBER 5, 1979 — DECIDED JANUARY 22, 1980 —

Action for damages. Richmond Superior Court. Before Judge Pierce.