## 35534. PHOENIX PROPERTIES OF ATLANTA, INC. v. UMSTEAD et al.

BOWLES, Justice.

Phoenix Properties filed an action seeking to have a consent judgment confirming a sale under power set aside. It contended that the consent judgment was based on a mutual mistake as to the fair market value of the equities of redemption of the properties sold. Summary judgment was granted to the defendants and Phoenix appeals. We affirm.

Phoenix maintains that there is a question of fact as to mutual mistake arguing that the affidavit of one defendant on behalf of all does not negate mutual mistake by any of the other defendants. We need not decide that issue since we have more than just the affidavit of one defendant before us.

"Verdicts and judgments rendered by consent of counsel in good faith and without any fraud or violation of express instructions given by the client to the attorney and known to the adverse party or his attorney are binding upon the client, the consent of counsel being in law the consent of the parties they represent." *Coweta Fertilizer Co. v. Johnson,* 26 Ga. App. 528 (106 SE 610) (1921). See also *Petty v. Complete Auto Transit, Inc.,* 215 Ga. 66 (1) (108 SE2d 697) (1959); *Adkins v. Bryant,* 133 Ga. 465 (1) (66 SE 21) (1909); *Hollenbeck v. Glover,* 128 Ga. 52 (57 SE 108) (1907). The affidavit of the attorney who represented Phoenix in entering into the consent judgment is in the record. In his affidavit, the attorney states that he believes he was not under a mistaken belief as to the values of the properties in issue, that he believed he *was* authorized to enter into the consent judgment on behalf of his client, and that he had made no indications to defendants or their attorney from which they could

conclude that he was acting contrary to his authority. None of these statements has been controverted by Phoenix so as to raise an issue of fact. This being so, summary judgment was properly granted in favor of defendants. See *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357) (1977).

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Hill and Marshall, JJ., and Judge Charles L. Weltner, concur. Clarke, J., not participating.*

ARGUED NOVEMBER 19, 1979 — DECIDED FEBRUARY 5, 1980.

*Louis F. McDonald,* for appellant.
*Robert A. Elsner,* for appellees.