Harriet ALICKE, Appellant,

v.

MCI COMMUNICATIONS CORPORATION, Appellee.

No. 96–7133.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 14, 1997.

Decided April 29, 1997.

---

Steven R. Rhoads argued the cause for appellant, with whom Richard S. Kohn and Michael S. Fried were on the briefs.

Paul M. Smith argued the cause for appellee, with whom Anthony J. DeLaurentis was on the brief. Julie M. Carpenter entered an appearance.

Before: WALD, GINSBURG and ROGERS, Circuit Judges.

GINSBURG, Circuit Judge.

Harriet Alicke brought this class action against MCI Communications Corporation for allegedly deceiving its residential customers by reporting their long- distance telephone calls in full-minute increments on their bills. Specifically, like most other telephone companies, MCI rounds up the length of each long-distance telephone call to the next full minute for the purpose of billing. The appellant does not challenge the reasonableness of

MCI's rounding up, nor dispute that MCI fully discloses this practice in its federal and state tariffs; rather, she contends that MCI's practice of billing in full-minute increments without disclosing its rounding-up policy on the bill itself misleads customers about the cost of their long-distance phone calls.

The district court granted MCI's motion to dismiss Alicke's complaint on the ground that her claims are barred under the filed tariff doctrine. We affirm the decision of the district court without considering whether the filed tariff doctrine precludes this action. Instead, we rely upon the anterior ground that, taking the facts as alleged in the complaint, the appellant has failed to state a claim for fraud, negligent misrepresentation, or deceptive acts or practices in violation of D.C.Code §§ 28–3901 *et seq.*, because she has not adequately alleged that MCI's billing practice actually deceived her or is capable of deceiving any reasonable customer.

## I. BACKGROUND

MCI charges its customers for long-distance service in rounded-up increments of one minute. For a partial minute of service, that is, MCI bills its customers as if they received a full minute of service; the bill may be for two minutes of service even if the phone call lasted only one minute and one second. On the bills MCI sends to its customers, it reports only the rounded-up figure, not the actual length of the phone call. MCI does not disclose its practice of rounding up in its advertising, in its customers' bills, or in any other document routinely sent to its customers. The appellant contends that this billing practice deceives customers because it misleads them into thinking that they have received more service than they have in fact received and thereby "dupe[s] them into using MCI long distance service more frequently than they would if they knew the true facts regarding MCI's billing practices." In addition, the appellant alleges that MCI does not disclose this policy because it wants to prevent customers from switching to a long-distance carrier that bills in smaller increments of time. The appellant does not dispute that MCI discloses its practice of rounding up in its federal and state

tariffs, nor does she challenge the reasonableness either of MCI's rounding up or of its rates.

The complaint contains six counts: (1) fraud in violation of federal and District of Columbia common law; (2) negligent misrepresentation; (3) deceptive acts or practices and (4) false advertising in violation of the D.C. Consumer Protection Act, §§ 28–3901 *et seq.*; (5) unjust enrichment and imposition of constructive trust; and (6) injunctive relief. At oral argument counsel for Alicke clarified that, notwithstanding the reference to advertising in the complaint, her allegations are directed only to the representations contained in MCI's bills.

In the district court MCI moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. MCI made alternative arguments in support of its motion: (1) the filed tariff doctrine bars the action, and (2) the complaint fails to allege any fraud or misrepresentation by which MCI deceived its customers. The district court granted MCI's motion to dismiss on the ground that Alicke's claims are barred under the filed tariff doctrine because the "misrepresentation charged to [MCI] is in the nature of or relates to the rates it charges its customers."

On appeal Alicke challenges the district court's order only to the extent that it bars her claim for injunctive relief. In her complaint, Alicke requested a permanent injunction requiring MCI to state in each customer bill the "true length" of each long-distance call and to state in all its advertisements for 12 months that it had previously charged its customers for service they never received but has discontinued that practice pursuant to court order. In her reply brief and at oral argument, however, Alicke narrowed somewhat her prayer for injunctive relief: If we reverse the district court and remand this case for further proceedings, we are told, then she will move for leave to amend the complaint so as to request only that MCI do one of three things: (1) show on its bills the actual length of each call, (2) state on the bills that it rounds up the length of each call to the next minute, or (3) discontinue alto-

gether showing the length of long-distance calls on its bills.

## II. ANALYSIS

■ We review *de novo* the district court's dismissal of a complaint pursuant to Rule 12(b)(6). *Moore v. Valder,* 65 F.3d 189, 192 (D.C.Cir.1995). A complaint should not be dismissed "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Although we must construe the complaint in the plaintiff's favor, we "need not accept inferences drawn by the plaintiff[ ] if such inferences are not supported by the facts set out in the complaint." *Kowal v. MCI,* 16 F.3d 1271, 1276 (D.C.Cir. 1994).

The appellant first argues that the district court's holding that the filed tariff doctrine requires the dismissal of her complaint is in error because she is neither challenging the reasonableness of MCI's rates nor seeking to obtain a rate different from the rate in the filed tariff. In addition, Alicke contends that she has adequately stated a claim for fraud because she has alleged that MCI's bills report that calls last longer than they really do and that MCI's failure to disclose its rounding-up policy in its bills induces customers to use more service and to pay for service that MCI does not actually provide.

MCI's first response is that the district court correctly held that the filed tariff doctrine bars this action because under that doctrine a common carrier has no duty to disclose its rates except in its tariffs, of which customers are presumed to have knowledge. MCI also argues that Alicke has failed to state a claim for fraud because the non-disclosure of its billing practice outside of its filed tariffs does not constitute an affirmative misrepresentation and because no reasonable customer receiving a bill listing the length of her calls in one minute increments could be deceived into thinking that every phone call she made terminated precisely at the end of a full minute.

■ We affirm the district court's dismissal of Alicke's complaint because the appellant does not therein adequately allege all the elements necessary for any of the causes of action she invokes. A claim for common law fraud or negligent misrepresentation requires, among other things, an allegation that the plaintiff acted in reliance upon the alleged misrepresentation, *see Pence v. United States,* 316 U.S. 332, 338, 62 S.Ct. 1080, 1083–84, 86 L.Ed. 1510 (1942) (federal common law); *Esteves v. Esteves,* 680 A.2d 398, 401 n. 1 (D.C.1996) (D.C. common law); *Hall v. Ford Enterprises, Ltd.,* 445 A.2d 610, 612 (D.C.1982) (negligent misrepresentation); and we assume that such reliance must be reasonable. Similarly, to state a claim based upon an unfair trade practice, the plaintiff must allege that the defendant made a material misrepresentation or omission that has a tendency to mislead. D.C.Code § 28–3904(e) and (f). Alicke has failed to state a claim for any of these causes of action because there is nothing in the way MCI reports the length of long-distance phone calls that could mislead a reasonable customer into thinking that she received more service than she really did receive and thereby cause her either to use more of MCI's service than she otherwise would have or to refrain from switching to another carrier that bills for service in smaller increments.

MCI lists the length of each phone call in whole-minute increments—which, the court notes and counsel for Alicke confirmed at oral argument, is how long-distance service has always been listed and billed until some companies began recently to bill in smaller increments. Because no reasonable customer could actually believe that each and every phone call she made terminated at the end of a full minute, the customer must be aware that MCI charges in full-minute increments only. Accordingly, MCI's billing practices could not mislead a reasonable customer. *See Bootel v. MCI Communications Corp.,* No. 95–8270, memo. op. at 10–11 (D.C.Super. Ct. Nov. 25, 1996) (dismissing identical claim for unlawful trade practices based upon D.C.Code § 28–3904(e) and (f)); *cf. Marcus v. AT&T Corp.,* 938 F.Supp. 1158, 1174 (S.D.N.Y.1996) (dismissing similar claim

brought under New York Consumer Protection Act).

In reaching our decision we do not consider whether the district court correctly held that the filed tariff doctrine bars all the claims made in the complaint. As such we leave for another day the question whether there are any circumstances in which injunctive relief may be based upon a billing practice disclosed in a filed tariff.

### III. CONCLUSION

Because we hold that the appellant has failed to state a claim upon which relief can be granted, the judgment of the district court is

*Affirmed.*