A00A0710. SMITH v. AIRTOUCH CELLULAR OF GEORGIA, INC.
A00A0711. SABA v. AIRTOUCH CELLULAR OF GEORGIA, INC.
A00A0802. GRIFFIN v. AIRTOUCH CELLULAR OF GEORGIA, INC.
(534 SE2d 832)

ELDRIDGE, Judge.

On January 17, 1997, Joel Griffin filed suit against AirTouch Cellular of Georgia, Inc. in Civil Action No. E55480, Fulton Superior Court, because AirTouch rounded up its billing for air time rates to the next minute without contract or Public Service Commission authorization, and he sought class action certification for his suit. On March 2, 1997, Doug Smith in Civil Action No. E56092, Fulton Superior Court, brought a similar suit against AirTouch. On March 11, 1997, Marlene S. Sharple and G. Katherine Saba in Civil Action No. E56074, Fulton Superior Court, brought a similar suit against AirTouch.

AirTouch answered each suit and pled as its first defense res judicata: that a Georgia resident, Darryl B. Cohen, sued AirTouch on the same basis on September 12, 1995, in *Cohen v. AirTouch Cellular*, in Civil Action No. 972438, California Superior Court of San Francisco County; that a class action was granted for California, Georgia, Kansas, Michigan, and Ohio; that the suit was amended to include AirTouch of Georgia, Inc. as a defendant; that on July 19, 1996, the trial court approved the notice to all past and present subscribers of AirTouch's cellular telephone service; that notice went to current subscribers through their August and September statements; that former subscribers received notice by repeated publication in each market; that AirTouch paid the cost of notice, $871,777.88; that on December 13, 1996, the trial court approved the settlement as final and binding on all class members who had not opted out; that class notice went to each of the plaintiffs; and that none of the plaintiffs

timely opted out of the class action settlement. On April 29, 1998, the California Court of Appeals affirmed the settlement.

On April 2, 1999, the Fulton Superior Court granted summary judgment on the basis of res judicata and entered the judgment of record as to each case on April 5, 1999. The trial court correctly held that res judicata barred each case.

Plaintiffs' sole enumeration of error in all three cases is the same, i.e., that the trial court erred in granting summary judgment on the basis of res judicata from the California class action consent judgment. We do not agree.

1. Full faith and credit must be accorded the final California judgment by the courts of Georgia. U. S. Const. Art. IV, § 1; OCGA § 24-7-24; *Williamson v. Williamson*, 247 Ga. 260, 261-262 (275 SE2d 42) (1981); *Chrison v. H & H Interiors*, 232 Ga. App. 45, 49 (500 SE2d 41) (1998). "Choice of law provisions that may appropriately be considered prior to judgment are simply not material or relevant when considering the effect of a judgment entered in a foreign action." Id.

2. Purposeful minimum contacts with the forum state by a nonresident defendant satisfy due process. See *Hanson v. Denckla*, 357 U. S. 235 (78 SC 1228, 2 LE2d 1283) (1958). However, as to absent class action plaintiffs, procedural due process is not an issue for purposes of jurisdiction, because the class has submitted itself voluntarily to the jurisdiction of the forum by making an appearance in court through their class representative without opting out of the class action. To satisfy procedural due process[1] for absent class members

---

[1] Collateral attack on a foreign judgment is permitted only when procedural due process has been violated for lack of either subject matter or personal jurisdiction over the defendant, as shown by each of the cases cited by the plaintiffs. This was not the situation in this case.

However, plaintiffs seek to make a collateral attack, nonetheless, by a conflict of law argument that there was a substantive due process violation in the California judgment. See *Phillips Petroleum Co. v. Shutts*, 472 U. S. 797 (105 SC 2965, 86 LE2d 628) (1985). In *Shutts*, the substantive due process issue of conflict of law came in a direct appeal of the judgment and not as a collateral attack on the judgment when full faith and credit were sought to be applied for res judicata purposes. Plaintiffs' conflict of law/due process attack exists to permit a collateral attack on the California judgment and to allow a new class action to proceed in Georgia. Since the case settled in California with the trial court's approval and was not tried, then the trial court under its procedural law did not have to finally determine which state's substantive law to apply, including other states' conflict of law rules, but did appropriately use California procedural law. Therefore, no conflict of law/due process violation occurred, as in *Shutts*, supra, because procedural law in a class action under conflict of law follows the law of the forum. See *Sun Oil Co. v. Wortman*, 486 U. S. 717, 723 (108 SC 2117, 100 LE2d 743) (1988). However, in the approval order, the California trial court had to make ·a preliminary evaluation of the case on its merits, which it did by looking to the substantive law from other states. Since approval of a class action settlement does not require a final decision on the substantive law merits, including applicable conflict of law rules, and does not require the trial court to expressly consider the law of every state involved, then there existed no conflict of law/substantive due process clause violation when the trial court made no final decision as to the applicable substantive law of other states. See *Class Plaintiffs v.*

and to bind them by judgment, there must be only (1) notice and reasonable opportunity to be heard;[2] (2) opportunity to opt out of the proceeding; and (3) adequate class representation. See *Phillips Petroleum Co. v. Shutts*, 472 U. S. 797 (105 SC 2965, 86 LE2d 628) (1985). In rejecting the minimum contacts argument as to absent class action plaintiffs, the U. S. Supreme Court carefully considered the argument and held that the reasons for minimum contacts for a defendant did not exist for absent class action plaintiffs, who had adequate representation through the class representative. Id.

In this case, the procedural due process clause conditions were all fully met. The class representative was a knowledgeable Georgia lawyer. These plaintiffs each received actual notice by first class mail, which prompted their suits. The California trial court found the conditions to have been satisfied. In this case, the trial court also found that they had been satisfied in granting summary judgment, as do we.

3. The California judgment has been neither reversed nor set aside; therefore, it has res judicata effect. OCGA § 9-12-40; *Gilmer v. Porterfield*, 233 Ga. 671, 674 (2) (212 SE2d 842) (1975). For res judicata to operate as a bar to a subsequent action, there must exist (1) a valid antecedent judgment, including jurisdiction over the subject matter and the parties; (2) identity of parties; (3) identity of issues; and (4) no public policy reason why a strict application of res judicata should not apply in the case. *Fierer v. Ashe*, 147 Ga. App. 446, 448 (249 SE2d 270) (1978). In other words, there must be (1) identity of parties; (2) identity of actions; and (3) adjudication by a court of competent jurisdiction. See *Crowe v. Congress Financial Corp.*, 196 Ga. App. 36, 39 (3) (395 SE2d 321) (1990). These all have been satisfied in this case.

Regardless of the correctness of the prior trial court's judgment, such case cannot be relitigated.[3] *Johnston v. Duncan*, 227 Ga. 298 (1) (180 SE2d 348) (1971). See also *Crowe v. Congress Financial Corp.*, supra at 39; *House v. Benton*, 42 Ga. App. 97, 98 (1) (155 SE 47) (1930).

The full faith and credit clause allows the judgment of a foreign

---

*City of Seattle*, 955 F2d 1268, 1291 (9th Cir. 1992); see also *Dunk v. Ford Motor Co.*, 48 Cal.App.4th 1794, 1806-1807, n. 18 (1996). See generally *Alicke v. MCI Communications Corp.*, 111 F3d 909, 912 (D.C. Cir. 1997) (describing the prevailing industry practice of rounding up the billing minutes and finding that reasonable customers should have expected this).

[2] Plaintiffs raise an adequacy of notice through publication in the market for former subscribers; since the plaintiffs all were subscribers and received notice through their monthly statements, then they lack standing to raise this on behalf of past subscribers, because no class has been certified in any of these cases, and they were not personally aggrieved by lack of notice.

[3] A foreign judgment cannot be collaterally attacked except for lack of jurisdiction.

state to give rise to the doctrine of res judicata. *Chrison v. H & H Interiors*, supra at 47; *Roadway Express v. McBroom*, 61 Ga. App. 223, 224-225 (6 SE2d 460) (1939); *Gillis v. Atlantic Coast Line R. Co.*, 52 Ga. App. 806, 807 (5) (184 SE 791) (1936). The judgment must be an adjudication on the merits of the case for res judicata to apply. See *Piedmont Cotton Mills v. Woelper*, 269 Ga. 109, 110 (498 SE2d 255) (1998); *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866 (1) (463 SE2d 5) (1995); *Atlanta J's v. Houston Foods*, 237 Ga. App. 415, 418-419 (3) (514 SE2d 216) (1999). See also *Blakely v. Couch*, 129 Ga. App. 625 (200 SE2d 493) (1973). The California Superior Court in approving the class action settlement had to pass preliminarily upon the merits of the case to determine that it was fair to the class. See id. at 628. Thus, the California judgment cannot be collaterally attacked on the merits or procedurally.

(a) *Court of competent jurisdiction.* The California Superior Court, as a general jurisdiction court, had subject matter jurisdiction to try class action suits sounding in tort and in contract. See generally *Morris v. Jones*, 329 U. S. 545, 550-551 (67 SC 451, 91 LE 488) (1947). Thus, it was a court of competent jurisdiction.

(b) *Final judgment.* The California Superior Court entered a final judgment that terminated the class action. The judgment was appealed to the California Court of Appeals by one of the class members, but the judgment was affirmed without application for certiorari to the California Supreme Court. Thus, the judgment was final and not contingent.

(c) *Adjudication on the merits.*

[A]n adjudication on the merits does not require that the litigation should be determined on the merits, in the moral or abstract sense of these words. It is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases. Thus, it is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense. If, pursuant to an appropriate handling of the case, the merits were *or* could have been determined, then the defense is valid.

(Citation and punctuation omitted; emphasis in original.) *Piedmont Cotton Mills v. Woelper*, supra at 110.

(d) *Identity of cause of action.* Plaintiffs' complaints raise substantially all of the same theories of liability and damages as raised in the *Cohen* case. Thus, there was identity of issues. *Atlanta J's v. Houston Foods*, supra.

(e) *Identity of parties.* For res judicata to bar a subsequent action, there must be the identity of parties or their privies so that they were before the same court at the same time when the judgment was rendered. *Waggaman v. Franklin Life Ins. Co.*, 265 Ga. 565 (1) (458 SE2d 826) (1995); *Walka Mountain Camp, No. 565 &c. v. Hartford Accident &c. Co.*, 222 Ga. 249 (149 SE2d 365) (1966); *Blakewood v. Yellow Cab Co.*, 61 Ga. App. 149 (6 SE2d 126) (1939). See also *Fierer v. Ashe*, supra at 448-449. Verdicts and judgments rendered by consent of counsel with authority, in good faith, not in violation of express instructions, and without any fraud bind the client. See *Phoenix Properties &c. v. Umstead*, 245 Ga. 172 (264 SE2d 8) (1980). See also *Pembroke State Bank v. Warnell*, 266 Ga. 819, 821 (1) (471 SE2d 187) (1996); *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983). The California trial court approved the settlement of the class action on behalf of the class. The California class action had as the class representative a Georgia resident, and the class action represented multiple states, including Georgia. Therefore, present and former subscribers of AirTouch were members of the class unless they opted out. The plaintiffs were members of the Georgia class and did not opt out. There existed an identity of parties.

(f) *Pendency of simultaneous actions.* When the plaintiffs filed their suits, the California action had a final judgment and was on appeal. The California action became final prior to any adjudication to judgment in the plaintiffs' cases.

> The doctrine of res judicata may be applied where actions between the same parties in relation to the same subject matter are pending at the same time, and a judgment is rendered in one of such actions. It is immaterial whether the action in which the judgment is interposed as an estoppel was commenced before or after the action in which the adjudication was made. This rule is not affected by the failure to plead the pendency of the latter action.

(Citation and punctuation omitted.) *Darling Stores Corp. v. Beatus*, 199 Ga. 215 (4) (33 SE2d 701) (1945).

Thus, the trial court properly granted summary judgment against the plaintiffs based on the doctrine of res judicata.

*Judgment affirmed. Blackburn, P. J., concurs. Barnes, J., concurs in judgment only.*

DECIDED MAY 18, 2000 ▮

*Carr, Tabb & Pope, W. Pitts Carr, Render C. Freeman, Roberts,*

*Erck & Schklar, Edwin J. Schklar*, for appellants.
   *Sutherland, Asbill & Brennan, James R. McGibbon, Kristen J. Indermark*, for appellee.