### A01A2128. SUNDMAN v. FARIS.
(561 SE2d 442)

ANDREWS, Presiding Judge.

Sundman appeals from the trial court's grant of summary judgment to Faris in Faris' suit on a foreign judgment.[1] *Toledo Center Floor Covering v. Richfield Carpet Mills*, 176 Ga. App. 400 (1) (336 SE2d 320) (1985).

At the crux of this suit is the "Order of Dismissal" of Sundman's California suit against Faris signed by Orange County Superior Court Judge Thomas Thrasher on February 26, 1993, and filed that same day. The case was dismissed when Sundman did not appear for trial and his attorney, Flax, instead sought a continuance which was denied. The last paragraph of that order states that "[i]t is further ordered that the Defendants recover their costs in the sum of *$41,567.80 per memo of costs filed 2/10/93 TT.*" The emphasized portion of the order is handwritten. In the left margin, next to this paragraph, appear handwritten initials "TT" and "6/13/93." According to the certificate of fact filed on behalf of Alan Slater, the Clerk of Orange County Superior Court by Writ and Judgment Clerk Tina Tran, Faris' memorandum of costs was filed in Orange County Superior Court on February 10, 1993, and Tran, on June 13, 1993, "posted costs in the sum of $41,567.80 (per Memorandum of Costs filed 2-10-93) to be part of the Order of Dismissal filed on 2-26-93 according to the Orange County Superior Court's procedures for posting costs into the Judgment or Order." Tran further identifies the initials "TT" as hers.

Also of record is the March 30, 1993 notice of entry of order of dismissal, including the amount of costs, and the certificate of service of that document on Flax and Sundman by Orange County employee Jeanne Sullivan.

Both the order of dismissal and notice of entry of order of dismissal were certified and authenticated as required by OCGA § 24-7-24 (a) (1) by both Clerk Slater and Judge Thrasher on April 28, 1998.

Although Sundman enumerates two enumerations of error, the only argument made is that the "California 'Order of Dismissal' is not a final judgment and cannot be domesticated in Georgia," and that is all we consider.

---

[1] This is not a suit pursuant to OCGA § 9-12-130 et seq. since California has not adopted the Uniform Enforcement of Foreign Judgments Act. OCGA § 9-12-138.

After Sundman moved to Georgia, Faris filed the present suit on September 9, 1994, and thereafter moved for summary judgment. Rather than file an appeal of the California order of dismissal, Sundman sued Flax for malpractice in California, and a judgment was stipulated in which Sundman was awarded $125,000. A provision of the judgment was an indemnification agreement in the event Faris collected the original $41,567.80 contained in the order of dismissal.

Despite Faris' California attorney's obtaining of a temporary restraining order in the malpractice proceeding prohibiting Flax from paying the judgment to Sundman until Faris' motion for assignment order seeking the $41,567.80 portion of the judgment could be determined, Flax paid Sundman's California attorney the malpractice judgment.

On March 20, 1997, unaware of the payment by Flax, Judge Wilkinson of Orange County Superior Court held a hearing on the motion for assignment order and concluded that the order of dismissal was a valid order in California because it had never been appealed, despite any procedural defects in the order.

Faris then filed his motion for summary judgment in his Georgia case based on the order of dismissal, resulting in the present appeal.

As concluded by the trial court in a thorough and well-reasoned order, the order of dismissal was a final judgment under California law, in that it "end[ed] the suit in the court in which it was instituted, . . . finally determine[d] the rights of the parties [in] relation to the matter in controversy," *Vallera v. Vallera*, 64 Cal. App.2d 266, 270 (148 P2d 694) (1944), and had become final because no appeal had been taken and the 180 days within which an appeal may be taken had expired. Cal. Code Civ. Proc. §§ 700.190; 581 (d); *In re Sheila B.*, 19 Cal. App.4th 187, 196-198 (23 Cal. Rptr.2d 482) (1993); *Pacific Gas &c. Co. v. Nakano*, 12 Cal.2d 711 (87 P2d 700) (1939).

> Under the full faith and credit clause of the United States Constitution, the courts of this state will enforce the judgment of a court of another state; such a judgment is res judicata between the parties. *Crosby v. Wenzoski*, 164 Ga. App. 266, 269 (1) (296 SE2d 162) (1982). When suit is brought in this state to domesticate a foreign judgment, "the judgment may be attacked only if the foreign court lacked jurisdiction over the person of the defendant or of the subject matter of the action, or if the judgment was procured by fraud." (Citations omitted.) *Economou v. Economou*, 196 Ga. App. 196 (1) (395 SE2d 830) (1990).

*Murdock v. Madison River Terminal*, 249 Ga. App. 608, 609-610 (1) (547 SE2d 802) (2001).

Having initiated the California litigation, Sundman wisely does not argue lack of jurisdiction. Nor is argument made that the underlying judgment was procured by fraud. *Brown v. U. S. Fidelity &c. Co.*, 208 Ga. App. 834, 836 (5) (432 SE2d 256) (1993).

The procedural arguments made here regarding the California judgment are of no avail to Sundman. "Regardless of the correctness of the prior trial court's judgment, such case cannot be relitigated." (Citations and footnote omitted.) *Smith v. AirTouch Cellular &c.*, 244 Ga. App. 71, 73 (3) (534 SE2d 832) (2000).

The grant of summary judgment to Faris was not error.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED FEBRUARY 22, 2002 —
RECONSIDERATION DENIED MARCH 11, 2002 — ■

*Charles R. Desiderio*, for appellant.
*Thomas A. Camp*, for appellee.