## A01A2420. BRENT v. HIN.
(561 SE2d 212)

SMITH, Presiding Judge.

Harold Brent appeals from the trial court's order granting summary judgment to Sourm Hin on the ground that Brent's claims for loss of consortium and for medical expenses incurred by Brent's wife were barred by the statute of limitation. Although we conclude that Brent's loss of consortium claim was governed by a four-year statute of limitation and was not time-barred, we further conclude that any claim for his wife's medical expenses was barred by the two-year statute of limitation for injuries to the person. In reaching this decision concerning recovery for the medical expenses of Brent's wife, we are compelled to overrule *Brumit v. Mull*, 165 Ga. App. 663 (302 SE2d 408) (1983), and *Old Dominion Freight Lines v. Martin*, 153 Ga. App. 135 (264 SE2d 585) (1980). We therefore affirm in part and reverse in part.

Brent filed this action against Hin on July 24, 2000, for injuries he received in an automobile collision that occurred April 28, 1998. Brent was a passenger in the vehicle being driven by his wife, Mary Brent, when the collision with Hin occurred. By amended answer, Hin raised the defense of the expiration of the statute of limitation and later moved for summary judgment on the ground that the action was barred by the two-year statute of limitation for personal injuries, OCGA § 9-3-33. Brent filed an amendment to his complaint alleging that Mary Brent suffered injuries in the collision and seeking to recover damages for loss of consortium and for Mary Brent's medical expenses.

In an amended motion for summary judgment, Hin acknowledged that Brent's newly asserted consortium claim was subject to a four-year statute of limitation and therefore was not subject to summary judgment. He argued, however, that the loss of consortium claim did not include claims for Brent's wife's medical bills and moved for partial summary judgment on this claim as well as Brent's personal injury claim. Summary judgment was granted to Hin with respect to Brent's consortium claim. The trial court stated that Brent's "claim for consortium is derivative of his wife's claim, stemming from her right of recovery which is time barred as a matter of law." The court further concluded that a claim for loss of consortium does not include medical expenses and granted summary judgment to Hin on this claim as well.

1. Brent argues that the trial court erroneously applied the two-year statute of limitation for personal injuries to his claim for Mary Brent's medical expenses and that the four-year limitation period for bringing an action for damage to a property right should have been applied.

We do not agree. We considered a similar situation in *Branton v. Draper Corp.*, 185 Ga. App. 820 (366 SE2d 206) (1988). In *Branton*, the plaintiff-husband sought recovery, among other things, for medical expenses and loss of consortium arising out of injuries incurred by his wife. The trial court concluded that any claims for medical expenses, lost wages, and lost earning capacity were barred by the statute of limitation. Id. at 821. First noting that a consortium claim does not include claims for medical expenses, lost wages, or loss of earning capacity, we stated that a consortium claim "does not extend the period during which damages may be asserted for physical injuries to the person, [cit.]," id. at 821 (1), and we held that the trial court correctly granted summary judgment based on the two-year statute of limitation. Implicit in this holding was the conclusion that medical expenses, lost wages, and loss of earning capacity constituted damages for personal injuries subject to a two-year limitation period.

Here, as in *Branton*, the medical expenses incurred by Mary Brent arose out of injury to her person. And an injury to the person, for which an action must be brought within two years under OCGA § 9-3-33,

> is an injury to the physical body of the person. An injury to one's health is an injury to the person. *The mere fact that one who has received an injury to his person suffers as a result thereof a monetary loss such as expenditures for doctor's bills . . . does not make the injury any less an injury to the person. The resulting monetary damages are damages resulting from an injury to the person, and not from an injury to a property right.*

(Emphasis supplied.) *Dalrymple v. Brunswick Coca-Cola Bottling Co.*, 51 Ga. App. 754 (1) (181 SE 597) (1935). And "monetary loss or damage resulting from an injury to the person must be recovered within two and not four years." *Leggett v. Benton Bros. Drayage &c. Co.*, 138 Ga. App. 761, 766 (2) (227 SE2d 397) (1976). Mary Brent's medical expenses flowed out of her own personal injury claim. Hin was therefore entitled to summary judgment on Brent's claim for his wife's medical expenses.

Apparently attempting to circumvent the fact that no action for personal injuries was brought on Mary Brent's behalf within two years of the collision, and chiefly relying on *Brumit*, supra, Brent contends that the right to recover Mrs. Brent's medical expenses constituted a property right belonging to him, subject to a four-year limitation period. In *Brumit* we held that a husband's claim for his wife's medical expenses arising out of a vehicular collision constituted a

claim for damage to his own property right and was subject to a four-year limitation period. Id. at 666-667 (4). We expressed a similar view in *Old Dominion*, supra, which states:

> Under the common law and under the statutory law of this State, a husband is bound to support and maintain his wife and furnish her the necessities of life (Code § 53-510), and this includes medical and hospital expenses and the expenses of burial. In the event of injury to the wife, the right to recover the expenses incurred for medical, hospital and funeral bills is not in her but in the husband, unless there are special circumstances, as where the wife contracts to be personally bound.

(Citations and punctuation omitted.) Id. at 135-136.

Despite this straightforward language in *Brumit* and *Old Dominion*, we do not find these cases to be controlling. We first note that former Ga. Code Ann. § 53-510, the premise underlying the language in *Old Dominion*, supra, was repealed by Ga. L. 1979, pp. 466, 491-492, § 39. The cases on which *Brumit* relies for the proposition that a wife's medical expenses constitute a husband's property right are either distinguishable from that case or were decided when former Code section 53-510 was in effect. *Pinkerton Nat. Detective Agency v. Stevens*, 108 Ga. App. 159 (132 SE2d 119) (1963), and *Krasner v. O'Dell*, 89 Ga. App. 718 (80 SE2d 852) (1954), were decided before the repeal of this statute. Both *MARTA v. Tuck*, 163 Ga. App. 132 (292 SE2d 878) (1982), and *Krasner*, supra, held that medical expenses incurred by a minor child constituted damage to a father's property rights. *MARTA*, supra at 137-138 (2); *Krasner*, supra at 718 (2). But these holdings remain supportable under existing statutory law, for under OCGA § 19-7-2, parents are responsible for medical expenses incurred in treatment of their minor children. See *Southern Guaranty Ins. Co. v. Sinclair*, 228 Ga. App. 386, 387 (491 SE2d 843) (1997). It therefore follows that "the right to recover a minor's medical expenses in a tort action is vested solely in the child's parents. [Cits.]" *Mitchell v. Hamilton*, 228 Ga. App. 850, 851 (2) (493 SE2d 41) (1997).

Significantly, even though the right to recover medical expenses incurred by a minor belongs to a parent, we concluded in *Mitchell* that the expiration of the two-year statute of limitation for personal injury barred the mother's claims for medical expenses incurred by her daughter. Id. at 851-852. Given the repeal of the former statutory mandate requiring a husband to support and maintain his wife and the axiomatic law that medical expenses constitute damage flowing from personal injury, we therefore cannot extend the logic of *MARTA*

and *Krasner* to the facts of this case to conclude that the right to recover a wife's medical expenses is a property right resting solely in her husband. To the extent that *Old Dominion*, supra, and *Brumit*, supra, hold otherwise, they are overruled.

2. Although we hold that Brent's claim for Mary Brent's medical expenses was barred by the two-year statute of limitation for injuries to the person, we conclude that the trial court incorrectly found Brent's consortium claim to be time-barred. The limitation period for that claim was four years. OCGA § 9-3-33. And the expiration of the two-year statute of limitation for a personal injury claim does not bar a derivative loss of consortium claim. See, e.g., *Whitten v. Richards*, 240 Ga. App. 719, 722 (2) (523 SE2d 906) (1999); *Heis v. Young*, 226 Ga. App. 739, 741 (6) (487 SE2d 403) (1997). Because it appears that Mary Brent could have recovered absent the statute of limitation bar, Harold Brent can recover for loss of consortium. See *Mears v. Gulfstream Aerospace Corp.*, 225 Ga. App. 636, 639 (2) (484 SE2d 659) (1997). Compare *Henderson v. Hercules, Inc.*, 253 Ga. 685-686 (324 SE2d 453) (1985) (wife had no derivative claim for loss of consortium because husband's tort claim barred by Workers' Compensation Act). Brent's consortium claim was filed within four years of the date of the collision, and the trial court erred in granting summary judgment to Hin on the ground that it was barred by the statute of limitation.

*Judgment affirmed in part and reversed in part. Blackburn, C. J., Pope, P. J., Andrews, P. J., Johnson, P. J., Ruffin, Eldridge, Barnes, Miller, Ellington, Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 28, 2002.

*James A. Elkins, Jr.*, for appellant.
*McLaughlin, Hendon, Miller & Croy, James C. McLaughlin, Jr.*, for appellee.