**BURLINGTON INSURANCE COMPANY, Plaintiff,**

v.

**OKIE DOKIE, INC. et al., Defendants.**

**Civil Action No. 03–2002 (RMU).**

United States District Court, District of Columbia.

Aug. 2, 2004.

**46**

Steven M. Klepper, Lee Hedgecock Ogburn, Kramon & Graham, P.A., Baltimore, MD, for Plaintiff.

David Wilmot, Harmon, Wilmot & Brown, LLP, Jonathan W. Gannon, Shaw Pittman, LLP, Washington, DC, Maureen Byrne Beahn, Shaw Pittman, McLean, VA, for Defendants.

## MEMORANDUM OPINION

URBINA, District Judge.

### DENYING THE DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the court on Defendant C.J. Thomas' ("C.J.Thomas") motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). C.J. Thomas asserts that the complaint fails to properly allege (1) a duty of care owed by the defendant to the plaintiff and (2) that the plaintiff's reliance on the alleged misrepresentations was reasonable. Because the plaintiff has adequately pled negligent misrepresentation, the court denies C.J. Thomas' Motion to Dismiss.

## II. BACKGROUND

### A. Factual History

Defendant Okie Dokie, Inc. ("Okie Dokie") is the owner and operator of Dream, an establishment in the District of Columbia described in the complaint as a nightclub. Compl. ¶¶ 8, 10. C.J. Thomas, an insurance broker, prepared an application for insurance on behalf of Okie Dokie for a commercial general liability insurance policy to cover Dream. *Id.* ¶¶ 3, 23, 26. The application described Dream as a restaurant, claiming that: (1) the previous insurance carrier cancelled its policy primarily because Dream had a dance floor; (2) Dream does not sponsor "Social Events;" and (3) Dream's $4 million in total sales is comprised of $3 million food sales and $1 million in liquor sales. *Id.* ¶¶ 25, 26–30. In reliance on these statements, plaintiff Burlington Insurance Company ("Burlington") issued a commercial general liability policy to Okie Dokie on June 28, 2002. *Id.* ¶¶ 34, 36.

On August 10, 2002, an underaged drunk driver who had allegedly been drinking at Dream, struck and killed a police officer named Hakim Farthing. *Id.* ¶ 44. Farthing's estate sued Okie Dokie for $50 million on October 1, 2002 ("*Farthing* Action"). *Id.* ¶ 45. Burlington is currently defending Okie Dokie in the *Farthing* Action. *Id.* ¶ 46.

## B. Procedural History

In response to the *Farthing* Action, Burlington filed this action against Okie Dokie and C.J. Thomas on September 26, 2003. *See generally* Compl. With regard to Okie Dokie, Burlington seeks: (1) a declaration that Burlington has no duty to defend or indemnify Okie Dokie in the *Farthing* Action; (2) rescission of the insurance policy; and (3) restitution for all costs Burlington has paid with respect to the *Farthing* Action. *Id.* ¶¶ 47–69.

With regard to C.J. Thomas, Burlington seeks damages stemming from alleged negligent misrepresentation in the insurance application. *Id.* ¶¶ 70–76. The complaint also alleges that C.J. Thomas failed to disclose that Dream is a nightclub, which hosts concerts, seeks the patronage of persons age eighteen to twenty, derives over 25% of its revenue from the sale of alcoholic beverages, and regularly features an "open bar." *Id.* ¶ 72. The plaintiff asserts that "C.J. Thomas was under a duty to disclose one or more of the facts identified in ¶ 72 to Burlington." *Id.* ¶ 73. The complaint alleges that these false statements and omissions were material to the plaintiff's decision to issue the policy to Okie Dokie. *Id.* ¶ 74. The plaintiff claims that it "reasonably relied on one or more of the false statements and omissions set forth in ¶¶ 71 and 72." *Id.* ¶ 75.

C.J. Thomas moved to dismiss Burlington's complaint on the grounds that the complaint inadequately asserts all essential elements of the negligent misrepresentation claim. Def.'s Mot. to Dismiss at 1 ("Def.'s Mot."). The court now turns to that motion.

## III. ANALYSIS

### A. Legal Standard for Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C.Cir.2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C.Cir.2003) (citing FED R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47–48, 78 S.Ct. 99 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), or "plead law or match facts to every element of a legal theory." *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C.Cir.2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C.Cir.2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations—including mixed questions of law and fact—as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C.Cir.2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165

(D.C.Cir.2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

## B. Legal Standard For Negligent Misrepresentation

■ "A federal court sitting in diversity must apply state law to the substantive issues before it." *A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1458 (D.C.Cir.1995) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Accordingly, the court applies the law of the District of Columbia to the plaintiff's negligent misrepresentation claim. Under District of Columbia law, a claim for negligent misrepresentation requires a showing that:

(1) the defendant made a false statement or omission of a fact,

(2) the statement was in violation of a duty to exercise reasonable care,

(3) the false statement or omission involved a material issue,

(4) the plaintiff[ ] reasonably relied and to [its] detriment relied on the false information, and

(5) the defendant's challenged conduct proximately caused injury to the plaintiff[ ].

*In re U.S. Office Prods. Co. Sec. Litig.*, 251 F.Supp.2d 58, 74 (D.D.C.2003) (citing *Redmond v. State Farm Ins. Co.*, 728 A.2d 1202, 1207 (D.C.1999)).

The defendant in the instant case challenges as inadequate the plaintiff's assertions of the duty and reliance elements. Because the plaintiff adequately pled a duty owed by C.J. Thomas and reasonable reliance on C.J. Thomas' alleged misrepresentations, the court concludes that the plaintiff adequately asserted the essential elements of the negligent misrepresentation claim. Accordingly, the court denies the defendant's motion to dismiss.

## C. The Plaintiff Adequately Pleads a Duty Owed By C.J. Thomas

■ First, the defendant asserts that the plaintiff did not adequately plead a duty of care owed by C.J. Thomas to Burlington. *Id.* at 6. The defendant alleges that there is generally no duty of care owed by parties to an arm's-length commercial transaction and, more specifically, there is no duty owed by an insured party's broker to the insurer. *Id.* at 6–7.

■ "One who assumes to act ... may thereby become subject to the duty of acting carefully." *Sec. Nat'l Bank v. Lish*, 311 A.2d 833, 834 (D.C.1973) (quoting *Glanzer v. Shepard*, 233 N.Y. 236, 135 N.E. 275 (1922)). The law of the District of Columbia, which is the applicable law in this diversity case, is drawn from the Restatement (Second) of Torts section 552. *Id.* at 835; *Remeikis v. Boss & Phelps, Inc.*, 419 A.2d 986, 990–91 (D.C.1980). The Restatement, in pertinent part, reads:

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) [ ] the liability stated in Subsection (1) is limited to loss suffered

(a) by the person ... for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

(b) through reliance upon it in a transaction that he intends the information to

influence or knows that the recipient so intends [ ].

Restatement (Second) of Torts § 552 (1977). Section 552 establishes a duty of care owed by commercial suppliers of information, such as C.J. Thomas, to those who are intended to receive the information, even if the recipient is a third party, like Burlington, that has no privity with the supplier. *See id.* comment. g.

The court notes that C.J. Thomas cites cases showing that Illinois and New York do not follow Section 552 with regard to the insurer/broker relationship. Def.'s Mot. at 6–7 (citing *Geneva Assurance Syndicate, Inc. v. Med. Emergency Servs. Assocs.,* No 92–C–1652, 1998 WL 265103, at *1, 1998 LEXIS 7426, at *5–7 (N.D.Ill. May 14, 1998); *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.,* 976 F.Supp. 198, 204 (S.D.N.Y.1996); *Dorfman Org. v. Greater N.Y. Mut. Ins. Co.,* 279 A.D.2d 437, 719 N.Y.S.2d 573 (1st Dep't 2001)). The fact that other jurisdictions follow different law on the subject, however, does not persuade the court to ignore D.C. law. *A.I. Trade,* 62 F.3d at 1458. Accordingly, the court rules that under D.C. law, the plaintiff has adequately pled a duty of reasonable care. *Remeikis,* 419 A.2d at 990–991; *Lish,* 311 A.2d at 834.

### D. The Plaintiff Adequately Pleads Reasonable Reliance

Next, the defendant asserts that the plaintiff did not adequately plead that its reliance on the defendant's statements was reasonable, because the complaint did not include a statement that the reliance was objectively reasonable. *Id.* at 8–9.

The defendant relies on several cases to conclude that the plaintiff's reliance could not have been objectively reasonable. Def.'s Mot. at 8–9 (citing *U.S. Office Products, Alicke v. MCI Comm. Corp.* and *Hercules & Co. v. Shama Rest. Corp.*). In each case, D.C. law barred a plaintiff's negligent misrepresentation or fraud claim on the grounds that the plaintiff did not plead objectively reasonable reliance. *U.S. Office Prods.,* 251 F.Supp.2d at 74–75 (noting that when the parties have a commercial relationship, the plaintiff alleging negligent misrepresentation must plead not only reasonable reliance, but *objectively* reasonable reliance); *accord Alicke v. MCI Communications Corp.,* 111 F.3d 909, 912 (D.C.Cir.1997); *Hercules & Co. v. Shama Rest. Corp.,* 613 A.2d 916, 934 (D.C.1992). The D.C. Court of Appeals stated in *Hercules,* and was quoted in *U.S. Office Products* and *Alicke,* that "[o]ne cannot close his eyes and blindly rely upon the assurances of another absent some fiduciary relationship or emergency," *Hercules,* 613 A.2d at 934 (quoting *Mgmt. Assistance, Inc. v. Computer Dimensions, Inc.,* 546 F.Supp. 666, 672 (N.D.Ga.1982)). But these cases are distinguishable on their facts.

In both *Hercules* and *U.S. Office Products,* the court held that the reliance by the plaintiffs was unreasonable because the misrepresentations in question were oral statements that contradicted written contracts between the parties. *Hercules,* 613 A.2d at 934; *U.S. Office Prods.,* 251 F.Supp.2d at 75. These cases deal primarily with the effect of integration clauses and the exclusion of parol evidence in contracts. The *Alicke* court held that the plaintiff could not have reasonably relied on the alleged misrepresentations by the defendant because no reasonable person would believe them. 111 F.3d at 912. In all three cases, the court decided that the plaintiff should have known that the defendant's representations were untrue or unenforceable. The same does not hold for Burlington.

■ Courts generally recognize an insurer's right to rely on statements made in

an insurance application—the insurer need not conduct an independent investigation unless it has reason to doubt the statements. *See e.g., Garcia v. Aetna Cas. & Sur. Co.,* 657 F.2d 652, 655 (5th Cir.1981); *Apolskis v. Concord Life Ins. Co.,* 445 F.2d 31, 36 (7th Cir.1971); *In re EPIC Mortgage Ins. Litig.,* 701 F.Supp. 1192, 1245 (E.D.Va.1988); Couch on Insurance (Third) § 82.17 (2003). An insurer's reliance on statements made in an insurance application is generally recognized as objectively reasonable and is not "blind reliance." *Id.* This rule of insurance law focuses on the statements made in insurance applications, not on the party that made them. It is irrelevant that the instant case deals with statements made by a broker, rather than by the insured party itself. Accordingly, Burlington adequately pled reasonable reliance in its complaint. *Id.*

■ Finally, the court is unpersuaded by the defendant's assertion that the complaint included neither an express statement that the plaintiff's reliance was objectively reasonable nor a statement that a reasonable insurer could rely on statements in an insurance application. It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz,* 534 U.S. at 511–14, 122 S.Ct. 992. The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park,* 348 F.3d at 1040. Burlington has done so here. Accordingly, the court denies the C.J. Thomas' motion to dismiss. *Id.*

## IV. CONCLUSION

For the above reasons, the court denies the defendant's motion to dismiss. An order directing the parties in a fashion consistent with the Memorandum Opinion is separately and contemporaneously issued this 2nd day of August, 2004.